THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILBERT BROWN, Respondent, against EDGAR J. BAKER, as Sheriff of Warren County, Appellant.

Third Department, May 19, 1954.

*J. Clarence Herlihy, District Attorney,* for appellant.

*John S. Hall* for respondent.

*Per Curiam.* On June 5, 1953, relator was taken before a Justice of the Peace sitting as a Court of Special Sessions, pursuant to a warrant. He was arraigned upon an information which adequately set forth a charge against him for a violation of subdivision 5-a of section 70 of article 5 of the Vehicle and Traffic Law (leaving the scene of an accident). After being advised of his rights relator entered a plea of guilty, and sen-

tence was imposed that "he be imprisoned in the Warren County Jail 30 days and also pay a fine of Thirty Dollars." It is conceded that this is the sentence actually imposed, and the docket of the Justice clearly shows it. In filling out a printed form of commitment to be given to the Sheriff, the Justice failed to delete the words "not exceeding" so that the commitment read "not exceeding thirty days", a concededly illegal sentence.

The petition for the first writ asserts two grounds of illegal detention: (1) that the information was defective because it was upon information and belief; and (2) that the commitment given to the Sheriff recited an illegal sentence. The information clearly and adequately set forth the crime charged, and by his plea of guilty the defendant waived any objection to the form of the information. (*People* v. *Brous,* 296 N. Y. 1028; *People* v. *Costello,* 182 App. Div. 341; *People* v. *Chambers,* 189 Misc. 502.)

As to the second ground urged, an error in the preparation of a warrant of commitment is merely clerical in nature. The detention is under the authority of the judgment itself, and here, concededly, the judgment imposed a legal sentence. A proper commitment may, if necessary, be supplied at any time. (*People ex rel. Trainor* v. *Baker,* 89 N. Y. 460, 465; *People ex rel. Allen* v. *Hagan,* 170 N. Y. 46, 52; *People ex rel. Wolosky* v. *McDonnell,* 116 N. Y. S. 2d 387, affd. 280 App. Div. 914; *People ex rel. Wojek* v. *Henderson,* 134 Misc. 228, 231.) The judgment of conviction here is not under attack, and any technical error in the proceeding does not render the proceeding invalid. (Code Crim. Pro. § 684.) It appears in the record before us, which has been stipulated and settled by order, that the technical error has been corrected, and there should be a compliance with the original valid and legal judgment.

The order entered on June 10, 1953, should be reversed and the relator remanded to the custody of the Sheriff of Warren County.

The order entered on July 10, 1953, relating entirely to a different information and proceeding, should be affirmed.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order entered on June 10, 1953, reversed, on the law and facts, and the relator remanded to the custody of the Sheriff of Warren County.

Order entered on July 10, 1953, relating entirely to a different information and proceeding, affirmed.