OPINION OF THE COURT
Harry Richard Brown, J.
The defendant is charged with criminal possession of stolen property, third degree (Penal Law, § 165.40) and brings this motion for omnibus relief.
The defendant was originally charged via a felony complaint with criminal possession of stolen property in the first degree (Penal Law, § 165.50). The charge was reduced and the accusatory instrument was amended and deemed a misdemeanor information. The defendant "waived all defects” when the instrument was amended and pleaded not guilty to the reduced charge. He now moves to dismiss the information as jurisdictionally defective on the ground that it does not contain nonhearsay allegations as required by CPL 100.40. Thus the issue presented is whether the defendant has waived his right to attack the information on this ground.
*906 The Court of Appeals has held that "a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution” (People v Case, 42 NY2d 98, 99). In Case, the defendant was permitted to attack the information on the ground that it did not state a crime, even though the defendant had pleaded guilty without raising such an objection. The court reasoned that the defect concerned the substantive sufficiency of the information rather than its form; therefore, the objection was jurisdictional and nonwaivable.
In the instant case, the effect of the defendant’s waiver is dependent upon whether the requirement that the offense charged be supported by nonhearsay allegations, is substantive in nature or merely affects the form of the instrument. It is the court’s conclusion that the defect has been effectively waived by the defendant and no jurisdictional impediment exists to his prosecution.
The court in Case cited People v Scott (3 NY2d 148, 152) to support its statement that substantive objections, as distinguished from objections to form, are nonwaivable. The Scott decision included several citations to illustrate the distinctions between the two types of objections, one of which, People ex rel. Brown v Baker (284 App Div 106), is parallel to the case at bar. In Baker, the defendant pleaded guilty to an information which was based solely on information and belief. The court held that the objection concerned only the form of the instrument and as such it was waived by the defendant’s plea of guilty. Since the information in Baker properly charged the defendant with the offense for which he was convicted, the court affirmed the judgment.
Although the majority in Case broadly stated that an information is not sufficient unless it contains nonhearsay allegations, it is the court’s conclusion that such a defect is not substantive in the jurisdictional sense. By citing People v Scott (supra), it seems clear that the Court of Appeals sought to limit nonwaivable defects to those traditionally recognized jurisdictional impediments, such as, failure to state a crime, lack of subject matter jurisdiction or lack of jurisdiction over the defendant (see People v Brous, 296 NY 1028, cited in People v Scott [supra]). Indeed, a contrary interpretation would render academic the procedural rules governing a motion to dismiss (CPL 255.10, 255.20), as it would become *907 more advantageous to make such a motion after defense counsel learns of the jury’s verdict.
In the case at bar, the information properly alleges every element of the crime and the defendant’s objection, as in Baker, concerns only the source of the factual allegations. Since this objection only affects the form of the instrument, the defendant is precluded from attacking the sufficiency of the information by virtue of his waiver of all defects. The motion to dismiss is denied.