OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Defendant, charged with the traffic infraction of speeding (Vehicle and Traffic Law, § 1180, subd [d]), made a timely request for a supporting deposition. The deposition was not served and at trial defendant orally moved to dismiss based upon such failure. The motion was denied, the matter proceeded to trial and defendant was convicted of the charge. On this appeal, defendant contends that the information is defective and his motion should have been granted.
The failure to serve a supporting deposition renders a simplified traffic information insufficient on its face (CPL 100.40, subd 2) and subject to a motion to dismiss (CPL 170.30, subd 1, par [a]; 170.35, subd 1, par [a]). However, such a motion must be in writing and upon reasonable notice to the People (CPL 170.45, 210.45; cf. People v De Rosa, 42 NY2d 872). Moreover, the motion should generally be made before commencement of trial, but in no event can the court entertain the motion after sentence has been imposed (CPL 255.20, subds 1, 3).
The question which arises is whether the failure to make a timely motion in writing precludes the issue of a defective information from being raised on appeal, especially in view of the language of the Court of Appeals in People v Case (42 NY2d 98) and People v Harper (37 NY2d 96) to the effect that a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution.
It is our opinion that where a defendant fails to make a timely written motion to dismiss an information and is thereafter tried and found guilty upon proof which establishes all the elements of the crime, he may not raise the defect on an appeal from the judgment of conviction (People v Willett, 213 NY 368, 375; People v Grimsley, 60 AD2d 980; People v Key, 87 Misc 2d 262; People v Palotta, NYLJ, Dec. 16, 1977, p 12, col 6; People v Eric K, NYLJ, Dec. 4, 1975, p 11, col 3; People v Friday, NYLJ, April 21, 1975, p 16, col 4; cf. People v Strassner, 299 NY 325, 328). To hold otherwise would render *290 the statutory provisions as to the time and manner of raising the defect completely meaningless.
A different result is reached where the information does not allege all the elements of the crime and defendant pleads guilty rather than electing to go to trial. A plea of guilty admits only those facts contained in the factual part of the information (People v Williams, 135 Misc 564, 566). Thus, the judgment of conviction may be attacked upon the ground that defendant has not been convicted of a crime, even though no motion was made to dismiss the information (e.g. People v Case, supra). To the same effect would be a situation where defendant goes to trial under such an information and the People establish only those elements alleged therein. Here, too, the failure to make a timely motion to dismiss the information would not preclude defendant from alleging on appeal that he has not been convicted of a crime. Additionally, we note that a defendant may, for the first time on appeal, argue that he was convicted of a crime never charged in the accusatory part of the information (e.g., People v Harper, supra).
This, then, leads us to the simplified information here involved, which we note was sufficient to adequately provide defendant with notice of the nature of the charge (see People v Boback, 23 NY2d 189). While defendant could have moved to dismiss the accusatory instrument by following the procedural rules contained in the Criminal Procedure Law, his failure to do so should be deemed a waiver of the defect (see People v Key, supra; People v Palotta, supra), inasmuch as compliance with the statute is required unless an oral motion is consented to by the People (see People v Ray, 58 AD2d 588). We are aware of the difficulty involved since the supporting deposition may be timely served until the day preceding the trial date (see People v De Feo, 77 Misc 2d 523, 524). However, the written motion may be served on the day of trial and an adjournment of the trial requested. We note that the adjournment of the trial will not enlarge the time to serve the deposition.
We are also mindful of the fact that requiring a written motion may be onerous where all that is involved is a minor traffic infraction. Nevertheless, since the Criminal Procedure Law specifically provides that the procedural rules apply to a simplified traffic information (CPL 170.30, 170.45), any relief *291 from the burden is a matter for the Legislature and not this court.
We have considered the remaining contentions urged by defendant upon this appeal and find them to be without merit.
Concur: Glickman, P. J., Gagliardi and Silberman, JJ.