OPINION OF THE COURT
Charles Tomasello, J.
The defendant is charged with and has pleaded guilty to attempted criminal mischief in the fourth degree. (Penal Law, §§ 145.00, 110.00.) He now moves, prior to sentencing, for an order pursuant to CPL 220.60 (subd 3) permitting him to withdraw his guilty plea and to enter a plea of not guilty.
In certain situations, such as where a defendant asserts his innocence, the court should permit him to withdraw the plea or at least conduct a hearing to determine whether the application has merit. (People v Nixon, 21 NY2d 338, 355, cert den 393 US 1067; People v Hall, 56 AD2d 893.)
In this case the defendant has not asserted his innocence, but rather, he contends that the information upon which he was prosecuted was jurisdictionally defective in that, although sworn to before a notary public, it was not properly verified *765 (CPL 100.30) by the complainant as required by CPL 100.15 (subd 1).
The accusatory instrument involved was originally filed as a felony complaint. However, the charge was amended to the misdemeanor involved here.
The defendant states, "[i]t is conceded that the defendant, upon amendment of the charge from a felony to a misdemeanor, waived the preparation of a more formal instrument. However, this is not the equivalent of waiving jurisdictional defects in the information.”
Exactly what was done or said at the time of the amendment is not set forth, nor is a transcript of the proceedings included in defendant’s moving papers. But, in the usual situation, where the defendant waives all defects, he waives all but "jurisdictional defects.” (People v Poll, 94 Misc 2d 905.) The court understands this is to be acknowledged in the defendant’s argument. It appears that his contention here is, simply, that the defect involved is of the nonwaivable jurisdictional type.
The People’s contention that the accusatory instrument may simply be deemed to have been a misdemeanor complaint is rejected in the absence of proof that the defendant was informed of and waived his right to be prosecuted on an information., CPL 170.65, subd 3.) Further, CPL 100.15 (subd 1) requires that a misdemeanor complaint be verified by the complainant just as that is required of an information.
However, the court concludes that the defect involved here was not jurisdictional in nature, and, therefore, the defendant’s motion must be denied.
The Court of Appeals has stated that "[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution”. (People v Case, 42 NY2d 98, 99.) While this statement is quite broad the Court of Appeals subsequently indicated that every defect in an accusatory instrument is not of the nonwaivable nature. (People v Key, 45 NY2d 111, 116; People v Iannone, 45 NY2d 589.) "Insufficiency in the factual allegations alone, as opposed to a failure to allege every material element of the crime, does not constitute a nonwaivable jurisdictional defect”. (People v Iannone, supra, pp 600-601.) In addition, lack of subject matter and personal jurisdiction may be nonwaivable defects. (People v Poll, supra, p 906.)
*766 But the defendant has not raised defects of this nature. He has raised only a formal or minor defect akin to insufficiency of the factual allegations. (See People v Iannone, supra; People v Poll, supra.) The failure to raise such a nonjurisdictional defect by timely motion may constitute a waiver. (See People v Fattizzi, 98 Misc 2d 288.) There is no reason to doubt that the affirmative act of "waiving all defects” may also be an effective waiver.
In the absence of any claim of innocence, fraud, coercion, mistake or any other good reason advanced to support it, the motion is denied. (People v Russo, 61 AD2d 1052; People v Laskaris, 28 AD2d 586; People v Wright, 20 AD2d 857.)
Certainly, the defendant may raise this issue by motion if he intends to establish that the particular waiver of defects in this case excluded, as a matter of fact, a defect of this type and that the raising of the defect is not otherwise barred. (See People v Fattizzi, supra; CPL 255.20, subd 1.)
However, on the papers submitted and the issues raised the motion to withdraw the plea of guilty is denied.