*397 OPINION OF THE COURT
Cornelius J. O’Brien, J.
This case is before this court for decision on defendant’s motion to dismiss the accusatory instrument filed herein pursuant to CPL 100.15, 100.40, and 170.35 for failure to allege “a necessary element of the offense charged.”
findings of fact
The defendant, Joseph Pacifico, is before the court on a misdemeanor information, sworn to on May 21, 1980, by Investigator J. Anzalone of New York State Tax Department, alleging that:
“on 4/28/80 at about 10:30 A.M. at 117-19 14 Road, College Point, Queens, State of New York, the defendant committed the offenses of: A. Art. 20 Sec. 481.2 State Tax Law (Cigarette Tax Law) under the following circumstances :
“Deponent states that at the above date, time, and location in the County of Queens, the defendant did unlawfully possess a quantity of cigarettes to wit: 144 cartons, which cigarettes did not have affixed thereon the New York State Cigarette Tax Stamp as required by the above section and deponent [sic] further that the said untaxed cigarettes were recovered in the defendant’s place of business at the above location in a storage room therein.”
The defendant, by his motion, asserts that, “[t]he information as drawn does not allege that the defendant * * wilfully attempt [ed] in any manner to evade or defeat the taxes imposed by this article’ * * * in the body of the complaint. It is therefore inadequate and fails to meet the statutory standard required.”
The People respond that a reading of subdivision 2 of section 481 of the Tax Law, “indicates that the prosecution of a violation of the Cigarette Tax Law may proceed upon either of two theories — intent to sell or intent to evade.” When the statute is read together with the complaint, the People contend that the defendant is adequately apprised of the charge against him.
Both sides concede that the cigarettes in question bore New Jersey tax stamps. The defendant asserts, and the *398 People do not at this juncture offer contradictory evidence, that the cigarettes were destined for consumption in New Jersey.
CONCLUSIONS OF LAW
An information must demonstrate reasonable cause to believe that the defendant committed the offense charged and must also establish a legally sufficient case against the defendant. (People v Crisofulli, 91 Misc 2d 424.) In order to be sufficient on its face, the information must be subscribed and verified by a “complainant” having knowledge of the offense charged. The accusatory part of the information must designate the offense charged. The factual part of the information must allege facts of evidentiary character, must provide reasonable cause to believe the defendant committed the offense charged, and must, if true, establish every element of the offense charged and the defendant’s commission of it. (CPL 100.15 and 100.40.)
An accusatory instrument is defective on its face when it does not conform to the requirements of CPL 100.40. However, the instrument may not be dismissed as defective, but must be amended where the defect or irregularity is of a kind that may be cured by amendment, and the People move to so amend. (CPL 170.35, subd 1, par [a].) (The People, in their opposing papers, have expressed a willingness to amend should the court find the information to be defective.)
Subdivision 2 of section 481 of the Tax Law states in pertinent part:
“2. Any person other than an agent, who possesses or transports for the purpose of sale any unstamped or unlawfully stamped packages of cigarettes subject to the tax imposeduby section four hundred seventy-one of this chapter, or who sells or offers for sale unstamped or unlawfully stamped packages of cigarettes in violation of the provisions of this article, or who wilfully attempts in any manner to evade or defeat the taxes imposed by this article, or the payment thereof, shall be guilty of a misdemeanor and upon conviction thereof, for a first offense, shall be sentenced to pay a fine of not more than two thousand dollars, or to be *399 imprisoned for not more than one year, or both, in the discretion of the court; and for a second offense, shall be sentenced to pay a fine of not less than five hundred dollars nor more than five thousand dollars, and to be imprisoned for a definite fixed period which shall be not less than six months and not more than one year. * * *
“The possession or transportation within this state by any person other than an agent at any one time of five thousand or more cigarettes in unstamped or unlawfully stamped packages shall be presumptive evidence that such cigarettes are possessed or transported for the purpose of sale and are subject to the tax imposed by section four hundred seventy-one of this chapter. * * * The possession * * * within this state of more than four hundred cigarettes in unstamped or unlawfully stamped packages by any person other than an agent at any one time shall be presumptive evidence that such cigarettes are subject to tax as provided by this article.
“Nothing in this subdivision shall apply to common or contract carriers or warehousemen while engaged in lawfully transporting or storing unstamped packages of cigarettes as merchandise, nor to any employee of such carrier or warehouseman acting within the scope of his employment, nor to public officers or employees in the performance of their official duties requiring possession or control of unstamped or unlawfully stamped packages of cigarettes, nor to temporary incidental possession by employees or agents of persons lawfully entitled to possession, nor to persons whose possession is for the purpose of aiding police officers in performing their duties.”
The statutory presumption on intent to sell requires possession or transportation within the State of 5,000 or more cigarettes in unstamped or unlawfully stamped packages. The instant prosecution alleges possession of 14 cartons, or 2,800 cigarettes. The possession of 400 or more cigarettes by any person other than an agent at any one time provides a statutory presumption that the cigarettes are subject to New York State tax. Therefore, based upon the accusatory instrument, the People have the benefit only of a presumption that the cigarettes may be subject to taxation, but not that they were possessed with intent to sell.
*400 There are three theories upon which a cigarette tax prosecution could be based: (1) possession for purpose of sale ; (2) selling or offering for sale; or (3) willfully attempting to evade or defeat the tax. All that is alleged in the accusatory instrument is possession of 2,800 cigarettes. There is no allegation that the defendant sold or offered for sale the cigarettes and no allegation of a willful attempt to evade the tax.
The People rely on one additional presumption, contained in section 473 of the Tax Law, to the effect that: “[whenever any cigarettes are found * * * without the [NY] stamps affixed and cancelled, or not marked as having been received within the preceding twenty-four hours, the presumption shall be that such cigarettes are kept therein in violation of the provisions of this article.”
Unfortunately, that presumption is of no assistance in establishing the People’s theory of prosecution for criminal penalties. (It may be sufficient as a presumption relating to civil penalties under article 20 of the Tax Law, but that question is not before this court.)
Based upon the accusatory instrument filed herein as well as upon all of the affirmations and memoranda submitted by the parties, this court finds that the accusatory instrument is not susceptible to amendment. Even assuming, arguendo, that amendment to include an attempt to evade was possible, on these facts it would have to be set aside. Clearly, the accusatory instrument alleging mere possession is attempting to set forth the “possession for purpose of sale” theory. Any amendment to change the theory of prosecution would be barred by CPL 200.70 made applicable to informations by CPL 100.45 (subd 2).
Based upon the foregoing, this court finds that the accusatory instrument filed herein is defective and not subject to amendment in that it fails to meet the statutory criteria for criminal liability set forth in subdivision 2 of section 481 of the State Tax Law, and the criteria for sufficiency set forth in CPL 100.15 and 100.40. The accusatory instrument is hereby dismissed pursuant to CPL 170.35.