OPINION OF THE COURT
Leon A. Beerman, J.
The defendant has moved to dismiss the prosecutor’s information upon the following grounds:
1. It is jurisdictionally defective as insufficient pursuant to CPL 170.35 (subd 3), 100.10 (subd 3, par [c]), 100.35, 100.40 (subd 1), and 100.15, in that the People failed to establish every element of the offenses charged and defendant’s commission thereof through nonhearsay allegations and/or supporting depositions and
2. For failure to grant defendant a speedy trial pursuant to CPL 30.30 (subd 1, par [b]) in that the People were de facto not “ready” for trial in view of the “defective” prosecutorial information filed on March 3, 1980.
Relying principally on People v Ryff (100 Misc 2d 505) and People v Phillips (NYLJ, May 16, 1981, p 11, col 6) defendant contends that in view of the “defective information” all of the ensuing excludable days up to the instant motion should be considered in computing the 90-day limitation specified in CPL 30.30 (subd 1, par [b]).
*664 It is therefore, necessary to initially adjudicate whether the defect is of such nature as to mandate the dismissal of the prosecutor’s information.
FINDINGS OF FACT
The defendant was arrested on a felony complaint signed by the arresting police officer, dated November 30, 1979, upon the information supplied by another and the case set down for January 9, 1980.
On January 9, 1980, an adjournment to January 29, 1980 was requested by the People.
On January 29, 1980, the charges were reduced to a misdemeanor level upon the District Attorney’s application, and adjourned to February 20, 1980 at defendant’s request.
On February 20,1980, an adjournment was consented to March 3, 1980.
Thereafter on March 3,1980, the District Attorney filed a prosecutorial information, alleging all the specific and essential elements of the crimes charged. At the time no supportive affidavit or deposition was filed. Defendant requested an adjournment to March 26, 1980.
On March 26, 1980, the People marked the case “ready for trial”. However, defendant did not appear and a Bench warrant was issued, but stayed until April 9, 1980 at request of defense counsel.
On April 9,1980, the Bench warrant was vacated and set down for trial for April 30, 1980 by the court.
On April 30, 1980, all parties were ready and the case was referred to Jury Part 1 for trial, at which time the court adjourned the matter to June 4, 1980.
On June 4, 1980, thé case was adjourned at defendant’s request to July 8, 1980, although People were ready for trial.
On July 8,1980, defendant failed to appear and a Bench warrant was issued, but stayed until August 6, 1980.
On August 6, 1980, warrant was ordered to be executed at 10:50 a.m. Shortly thereafter on August 6, 1980, defendant apparently did appear and the warrant was vacated and the case set down for August 7, 1980 for trial.
*665 On August 7,1980, the court once again marked the case for trial for September 4, 1980.
On September 4, 1980, a possible disposition was discussed and the case was adjourned to September 25, 1980 by consent.
On September 25, 1980, although People were ready, defendant requested an adjournment to October 22, 1980.
On October 22, 1980, defendant requested an adjournment to November 6, 1980.
On November 6,1980, new defense counsel requested an adjournment to familiarize himself with the case. People were ready, and case adjourned to November 25, 1980.
On November. 25, 1980, the case was sent to Jury Part 4 for trial. In Jury Part 4, the case was marked final against defendant and adjourned to December 8, 1980.
On December 8, 1980, again a new attorney was assigned, and set down for January 14,1981 for trial, marked final against defendant.
On January 14, 1981, the People became aware of an outstanding subpoena issued to the Department of Social Services by the defendant and expressed a desire to move to quash. The case was therefore adjourned to February 5, 1981 for the purpose of filing motion papers.
On February 5, 1981, defendant requested additional time to respond to People’s motion and case set down for February 26, 1981.
On February 26, 1981, argument on the motion was set for February 27, 1981 and referred to Jury Part 3.
On February 27, 1981, the case was returned to Jury Part 1 with further argument to be had on the pending motion and set down for March 10, 1981.
On March 10, 1981, with submission of all papers still incomplete, the case was adjourned to March 18,1981, and subsequently to May 21, 1981 for a decision.
On May 21, 1981, a decision having been rendered, the case was again sent to Jury Part 3 with all parties ready for trial.
*666 On May 21, 1981, due to court’s inability to commence the trial forthwith, all parties consented to select a jury and commence the trial on May 26, 1981.
On May 26,1981, the defendant filed the instant motion papers.
On May 27, 1981, the People filed a supporting deposition.
CONCLUSIONS OF LAW
Under CPL 100.10 a prosecutor’s information is defined as: “a written accusation by a district attorney, filed with a local criminal court, either (a) at the direction of a grand jury pursuant to section 190.70, or (b) at the direction of a local criminal court pursuant to section 180.50 or 180.70, or (c) at the direct attorney’s own instance pursuant to subdivision two of section 100.50, charging one or more persons with the commission of one or more offenses, none of which is a felony. It serves as a basis for the prosecution of a criminal action, but it commences a criminal action only where it results from a grand jury direction issued in a case not previously commenced in a local criminal court.”
In the instant case the information was filed pursuant to CPL 100.10 (subd 3, par [c]), which directs us to CPL 100.50 (subd 2).
CPL 100.50 (subd 2) states: “At any time before entry of a plea of guilty to or commencement of a trial of an information, the district attorney may file with the local criminal court a prosecutor’s information charging any offenses supported, pursuant to the standards prescribed in subdivision one of section 100.40, by the allegations of the factual part of the original information and/or any supporting dispositions which may accompany it. In such case, the original information is superseded by the prosecutor’s information and, upon the defendant’s arraignment upon the latter, is deemed dismissed.”
CPL 100.50 (subd 2) creates the requirement that the offense charged be supported, pursuant to the standard prescribed in CPL 100.40 (subd 1).
CPL 100.40 (subd 1) states:
*667 “1. An information, or a count thereof, is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and
“(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the, accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
A careful reading of these sections supports the requirements of a nonhearsay corroborating affidavit and CPL 170.35 (subd 3, par [b]) states that failure to supply such affidavit creates a defective prosecutor’s information. However, CPL 170.30 (subd 1, par [a]) which speaks to the dismissal of a defective prosecutorial information, states that the court may, not must, dismiss such instrument.
Therefore, what is at issue here is whether the failure to file a nonhearsay corroborating affidavit is a substantive error which effects jurisdiction and thus non waivable, or an error of form which may be amended, corrected or waived prior to trial.
In People v Poll (94 Misc 2d 905) the court held the requirement that the offense charged be supported by nonhearsay allegations merely affected the form of the accusatory instrument and was not substantive in nature, and there existed no jurisdictional impediment to the defendant’s prosecution.
In Poll (supra), the felony charge was reduced to misdemeanor level and the accusatory instrument was amended and deemed an information. The court held that the defendant waived all defects in the instrument when he pleaded not guilty to the reduced charge and that this waiver included the right to attack the information on the ground that it did not contain nonhearsay allegations.
That the defect is one of form is inherent in that court’s reasoning, for a defect in the substantive jurisdictional *668 sense would always remain nonwaivable. (People v Scott, 3 NY2d 148.)
The Poll (supra) decision cites People ex rel. Brown v Baker (284 App Div 106), in which the defendant pleaded guilty to an information which was based solely on information and belief. There the court held that the objection concerned only the form uf the instrument and as such it was waived by the defendant’s plea of guilty. Since the information properly charged the defendant with the offense for which he was convicted and any objection to the form of the information was waived. The court affirmed the judgment.
In People v Brous (296 NY 1028), the Court of Appeals affirmed a lower court decision which held an information which contained only the sworn statements of a police officer, made upon information and belief, was not fatally defective. The trial court had jurisdiction of the defendant and of the crime charged, and the defendant’s failure to object to the form of the information upon arraignment and before trial must be deemed a waiver.
True, in the instant case, the defendant has raised an objection before trial. Nevertheless, considering the many appearances and demands made by defense counsel on the scheduled trial dates without registering any objection to the form of the information such conduct could be recognized as a waiver by the court.
Assuming, however, no waiver is indicated, this court is of the opinion this defect, in form, was one which is curable by the filing of the corroborating affidavit. A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution (People v Case, 42 NY2d 98, 99). However, not every defect in an accusatory instrument is of the nonwaivable nature. (People v Key, 45 NY2d 111, 116; People v Iannone, 45 NY2d 589.)
It is undisputed that every information must contain an accusatory part and a factual part (CPL 100.15, subd 1), and the factual part of such instrument must contain a statement of the complaint alleging facts of an evidentiary character supporting or tending to support the charge *669 (CPL 100.15, subd 3). However, insufficiency in the factual allegations alone, as opposed to a failure to allege every material element of the crime, does not constitute a nonwaivable jurisdictional defect. (People v Iannone, supra, pp 600-601.)
The People might accurately claim readiness where the defect in the accusatory instrument is merely factual, since such defects are waived merely by failure to make a timely motion addressed to that issue. (People v Chase, NYLJ, June 13, 1980, p 7, col 2, citing People v lannone, supra ) They might claim readiness when the defect is that the instrument is based on hearsay, since that defect is waivable. (People v Chase, supra, citing People v Weinberg, 34 NY2d 429; People v Callender, 101 Misc 2d 958.)
In Chase (supra), no amendment was submitted. It was pointed out the accusatory instrument was dismissed because the factual part of the instrument failed to establish every element of the offense charged and the defendant’s commission thereof. This is not the situation in the instant case, where the statements in the information do set out all the essential elements and the defendant was fully aware of the crime charged.
The Chase court, in obiter dictum, went so far as to state that if the amendment was merely the ministerial act of obtaining a corroborating affidavit, it would be permissible and the instrument would not be jurisdictionally defective. However, in Chase, what was needed was a superceding information to confer jurisdiction upon that court.
Defense counsel, in his motion papers, mistakenly relies on the decisions in People v Ryff (100 Misc 2d 505, supra), and People v Phillips (NYLJ, May 6, 1981, p 11, col 4, supra). This court takes no issue with either Ryff or Phillips, but finds them inapposite and inapplicable to the case at bar. In Phillips (supra), the defendant was not apprised of the charges against him, as the misdemeanor complaint did not contain all the essential elements of the crimes charged. That there was no waiver of the filing of an information in either case, the District Attorney’s office was obliged to file “formal charges” to apprise defendant of the specifics in the form of an information and proceed to *670 trial within 90 days of the filing of the misdemeanor complaint or the reduction of the felony charges.
In Ryff (supra), the original charges were reduced at the preliminary hearing on September 18, 1978 and contrary to the court’s instruction, no information was filed until May 24, 1979, more than eight months later. The court therefore held that without the timely filing of the information the People were “de facto” not prepared to go to trial.
Similarly in Phillips (supra), the misdemeanor complaint was filed on April 22,1980, and the information was not filed until November 18, 1980, some six months later.
In the instant case, a prosecutor’s information was filed two months after the felony charges were reduced to misdemeanor level, clearly within the statutory limitation. Furthermore, in the case at bar, the prosecutor’s information, albeit defective, properly alleges every element of the crime and the defendant’s objection concerns only the source of the factual allegations. Since this objection only affects the form of the instrument, the defendant is precluded from attacking the sufficiency of the prosecutor’s information by virtue of the curative amendment submitted by the District Attorney’s office.
CPL 170.65 (subd 3) permits a defendant to waive prosecution by information and consent to be prosecuted upon the misdemeanor complaint.
This “waiver” is not conditioned upon whether the complaint is factually sufficient and/or based on any supportive deposition.
If this section (CPL 170.65, subd 3) is to be effective then such consent to be prosecuted upon the misdemeanor complaint consequently must waive any existing “defect”.
Since the defendant may not waive a jurisdictional defect (People v Key, supra), we must conclude the waivable defect must be one of form.
If a form defect may be waived then it follows it may also be cured or amended. To resolve otherwise is to make CPL 170.65 (subd 3) a nullity.
The People did file a corroborating affidavit on May 27, 1981 prior to the trial of this case.
*671 It is the holding of this court that the form defect in the prosecutor’s information did not preclude readiness for trial on the part of the People to deny defendant a speedy trial within CPL 30.30.
In accordance with the foregoing, defendant’s motion is denied.