OPINION OF THE COURT
Stephen G. Crane, J.
This is a motion[1] to dismiss the accusatory instrument for failure to allege facts supporting all of the elements of the offenses charged (CPL 100.15, subd 3), and for facial insufficiency insofar as the instrument is deemed an information (CPL 100.40, subd 1, par [c]). In its accusatory part, the instrument, dated September 30, 1981, charges offenses of criminal possession of stolen property in the third degree (Penal Law, § 165.40), possession of burglar’s tools (Penal Law, § 140.35), and criminal possession of a hypodermic instrument (Penal Law, § 220.45). The factual part of the instrument omits allegations of one or more material elements of each offense, viz., under the" first count (Penal Law, § 165.40), the People fail to allege that the property *1067 was stolen, that defendant knowingly possessed stolen property and that such knowing possession was accompanied by an intent to benefit himself or a nonowner or to impede the owner’s recovery. In the second count (Penal Law, § 140.35), the People omit allegations that the so-called burglar’s tool, a screwdriver, was “adapted, designed or commonly used for committing” certain offenses and that defendant possessed it “under circumstances evincing an intent to use or knowledge that some person intends to use [it] in the commission of [such] an offense”. And, in the third count the People forgot to allege that the hypodermic instrument[2] was possessed “knowingly and unlawfully.” Supporting depositions from one of the three informants, Tinsley Winslow, dated September 30, and November 6, 1981, simply verify the allegation supporting the charge of criminal possession of stolen property; but these depositions add no facts omitted from the original misdemeanor complaint. There are no supporting depositions from the informants on whose hearsay allegations rest the two other counts.
The People concede the insufficiency of the accusatory instrument by arguing for denial of this motion because they are prepared to amend in order to cure the defects in the complaint.
Before addressing the issues tendered in defendant’s application, a threshold determination is required of whether the motion lies in the first instance. Obviously, this is a motion pursuant to CPL 170.30 (subd 1, par [a]), objecting that the accusatory instrument is defective within the meaning of CPL 170.35, and pursuant to CPL 170.30 (subd 1, par [f]) raising a jurisdictional impediment to conviction of the defendant for the offense charged. CPL 170.35 (subd 1, par [a]); in turn, contemplates a defect in the facial sufficiency of the accusatory instrument. Briefly stated, this is a motion to dismiss the accusatory instrument — in part an information and in part a misdemeanor complaint — pursuant to CPL article 170. As such it is a “pretrial motion” (CPL 255.10, subd 1, par [b]) that must *1068 be made, together with all other “pretrial motions”, within 45 days of arraignment (CPL 255.20, subds 1, 2; 170.30, subd 2). The motion at bar was noticed for January 19, 1982. Defendant previously made an omnibus motion on November 6,1981. The motion at bar is beyond compliance with CPL 255.20 and 170.30 (subd 2).
Yet, defendant’s motion raises a question of subject matter jurisdiction. It is, indeed, a nonwaivable jurisdictional prerequisite that an accusatory instrument state in the factual part every element of each crime charged and of the defendant’s commission of the acts comprising these elements. (People v Hall, 48 NY2d 927, mot for reconsideration den 49 NY2d 832; People v Case, 42 NY2d 98; People v Jackson, 88 AD2d 604; cf. People v Iannone, 45 NY2d 589, 600-601.) If the elements of the crime are alleged, albeit in the language of the statute (People v Iannone, supra, p 599), or by incorporating the statute by reference (People v Cohen, 52 NY2d 584), any other defect in pleading the facts is nonjurisdictional and waivable. On the other hand, if the pleading omits elements necessary to state the crime, the defect is jurisdictional. An objection to the pleading based on this defect will be preserved from waiver by plea of guilty even though the defect is not noticed until the court of last resort. (See People v Zysman, NYLJ, Feb. 17,1981, p 14, col 2 [Lander, J.]; People v Toodles, 81 AD2d 768; People v Case, supra; People v Chase, NYLJ, June 13,1980, p 7, col 2 [Berkman, J.], and cases cited.) These cases enshrine a principle that no person shall be prosecuted except for an offense as it is described by the Legislature and of which the person has fair notice in order to conform his or her conduct. (People v Berck, 32 NY2d 567, 569, cert den 414 US 1093; People v Scott, 26 NY2d 286, 291; People v Byron, 17 NY2d 64, 67; People v Munoz, 9 NY2d 51, 56; People v Vetri, 309 NY 401, 405-406; People v Shifrin, 301 NY 445, 447.) This principle is so basic to concepts of substantive due process (see, e.g., United States v Harriss, 347 US 612, 617) that no procedural rule can be deemed to overrule its application. Ergo, where the defect is jurisdictional and nonwaivable, the failure to address it in the omnibus motion, notwithstanding the requirements of *1069 CPL 255.20, cannot prevent the defendant from raising his objection at anytime thereafter.[3]
On the merits, there is no question of the conceded failure of the accusatory instrument at bar to allege all of the elements of each offense purportedly charged. Consequently, I must turn to the contentions of the People seeking to forestall dismissal.
First, they contend that they were prepared to amend within the time limits of CPL 30.30. CPL 170.35 (subd 1, par [a]) requires the court to abstain from dismissing an instrument defective on its face “where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend”. Putting aside the fact that the People have not moved to amend, I hold that the defects in the instrument at bar are not of a type that may be cured by amendment. CPL 200.70 is the only express provision[4] authorizing amendments of indictments as to mere matters of time, place, names of persons and the like (People v Pacifico, 105 Misc 2d 396 [O’Brien, J.]). This provision for amendment is specifically invoked by CPL 210.25 (subd 1) contemplating cure of defective indictments “where the defect or irregularity is of a kind that may be cured by amendment”. This quoted language is also found in CPL 170.35 (subd 1, par [a]), apparently a twin provision for amending informations and misdemeanor complaints. Thus, the type of amendments contemplated by CPL 170.35 (subd 1, par [a]) is limited to matters of *1070 “time, place, names of persons and the like”. (CPL 200.70, subd 1; see People v Pacifico, supra.)
The only other provision for amendment arguably applicable here is found in CPL 140.45. This section implies that an information or misdemeanor complaint may be retained if its facial insufficiency under CPL 100.40 may be cured on the basis of available facts or evidence. But, this provision functions upon the first examination of the accusatory instrument after a warrantless arrest. (See Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 140.45, p 331.) In the case of an arrest pursuant to warrant, the facial sufficiency is examined before the arrest. (CPL 120.20, subd 1.) In both cases of arrest — with or without warrants — there is but one occasion to cure the facial insufficiency. If the case proceeds with the defects unnoticed, they cease to be curable unless under CPL 200.70.[5]
The second branch of the prosecutor’s contention is that the People may move to amend within the time limited by CPL 30.30. Perhaps, they could file a prosecutor’s information within that period; but this instrument is only available with respect to the first count charging criminal possession of stolen property. A prosecutor’s information at the District Attorney’s own instance (CPL 100.10, subd 3) may only supersede an information. (CPL 100.50.) (The second and third counts at bar are still based on hearsay and remain in the form of a misdemeanor complaint.) In addition, a prosecutor’s information must be supported by the factual allegations of the superseded information (CPL 100.50, subd 2), and I question whether a jurisdictionally defective information may be cured at all by a prosecutor’s information. But, assuming a prosecutor’s information were available at bar, the expiration of 90 days from the commencement of this criminal action would require dismissal under CPL 30.30. The exclusions for defendant’s prior motions would not save the case from the time bar. (See People v Reid, 110 Misc 2d 1083; cf. People v Chase, NYLJ, June 13, 1980, p 7, col 2, supra.)
*1071 It seems that only by recommencing the action with a jurisdictionally sound accusatory instrument could this case be resurrected. This would be required within the period of the Statute of Limitations (CPL 30.10, subd 2), and the new action might be vulnerable to a CPL 30.30 motion.
Basically, however, this motion is simple and its disposition clear. The defendant may raise the jurisdictional defect at any time without waiver and without demonstrating prejudice. The People have made no efforts thus far to pursue any conceivable course to cure the defects,[6] and I need not address the effect of such efforts. (But see People v Chase, supra.)
In view of the foregoing, the motion to dismiss must be granted.

. The decision and order on this motion were dictated into the record on March 4, 1982. This opinion formalizes and supplements that decision.

. Whether defendant possessed a syringe or a needle or both is not specified, though the omission of this particular is not fatal.

. People v Fattizzi (98 Misc 2d 288 [App Term, 2d Dept]) and People v Poll (94 Misc 2d 905), while holding that the defendant’s failure to make a timely motion to dismiss an insufficient information waived his ability to raise the issue at a subsequent date, are not to the contrary. Those cases reject claims that a complaint is “jurisdictionally” defective when it is based on hearsay allegations, i.e., it is unsupported by a supporting deposition. The Appellate Term in Fattizzi (supra, p 290) said: “A different result is reached where the information does not allege all the elements of the crime and defendant pleads guilty rather than electing to go to trial.” The defect in form raised in those cases is waivable. (CPL 170.65, subd 3; cf. People v Key, 45 NY2d 111, 116-117; compare People v Armador os, NYLJ, March 12, 1982, p 13, col 5 [App Term, 2d Dept], with People v DeLuca, NYLJ, March 12, 1982, p 13, col 3 [App Term, 2d Dept]; and see People v Grosunor, 109 Misc 2d 663 [Beerman, J.].)

. This provision is expressly adopted for prosecutor’s informations by CPL 100.45 (subd 2). For other accusatory instruments, I read the reference to amendments in CPL 170.35 (subd 1, par [a]) to embrace by implication the express amendment provision of CPL 200.70. (Cf. People v Pacifico, 105 Misc 2d 396, 400.)

. In any event, the prosecutor has never moved for leave to amend pursuant to any provisions of the CPL. Such a motion is a prerequisite, at least under CPL 170.35 (subd 1) and 210.25.

. The conclusion seems impractical and senseless that a facially defective complaint cannot be cured after its initial intake. Yet, CPL 170.35 dictates that the court dismiss such a pleading unless it can be cured by amendment. A defect, as we have at bar, where elements of the crimes are omitted, cannot be cured pursuant to CPL 200.70. This permits amendments of formal, nonessential matters of time, place, names and the like — a type of amendment hardly likely to cure a facial defect involving a missing element.
On the other hand, the foregoing conclusion points up an oversight in the CPL requiring legislative attention. Certainly, this court should not, through the guise of interpretation, supply what the statute omits. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 73.)