OPINION OF THE COURT
Ruth J. Zuckerman, J.
In this delinquency proceeding, respondent has moved to dismiss the petition, pursuant to sections 315.1 and 311.2 of the Family Court Act, on the ground that the petition and the sole supporting deposition attached thereto fail to set forth any nonhearsay factual allegations concerning respondent’s alleged violation of subdivision 1 of section 155.30 of the Penal Law (grand larceny in the third degree) and section 165.45 of the Penal Law (criminal possession of stolen property in the third degree). The presentment agency opposes this motion.
Section 311.2 of the Family Court Act provides as follows:
“A petition, or a count thereof, is sufficient on its face when:
“1. it substantially conforms to the requirements prescribed in section 311.1; and
“2. the allegations of the factual part of the petition, together with those of any supporting depositions which *537 may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged; and
“3. non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent’s commission thereof.”
Pursuant to section 315.1 of the Family Court Act, a petition is defective, and therefor vulnerable to a timely motion to dismiss, when, inter alia, “it does not substantially conform to the requirements stated in sections 311.1 and 311.2; provided that a petition may not be dismissed as defective, but must instead be amended when the defect or irregularity is of a kind that may be cured by amendment pursuant to section 311.5, and where the presentment agency moves to so amend”.
Although counsel for the presentment agency has acknowledged that the supporting depositions required by section 311.2 have not been furnished,[1] it has made no motion to amend pursuant to section 315.1. Instead, despite the plain language of sections 311.2 and 315.1 of the Family Court Act, counsel contends that respondent’s motion to dismiss is “improper at this time”, that the lack of a supporting deposition is a defect which may be cured up until the date of trial,[2] and that the motion to dismiss therefore should be denied.
The provisions of section 311.2 governing the sufficiency of delinquency petitions in Family Court are identical, in all respects relevant here, to those set forth in CPL 100.40 (subd 1). In contrast to CPL 100.40 (subd 1), which governs “informations” filed as accusatory instruments in local criminal courts, and to section 311.2 of the Family Court Act, which governs all juvenile delinquency petitions, CPL 100.40 (subd 2), which sets forth the requirements for a “simplified information”, provides as follows: “A simplified information is sufficient on its face when, as provided by subdivision one of section 100.25, it substantially conforms to the requirement therefor prescribed by or pursuant to law; provided that when the filing of a supporting deposi *538 tion is ordered by the court pursuant to subdivision two of said section 100.25, a failure of the complainant police officer or public servant to comply with such order renders the simplified information insufficient on its face.”
CPL 100.25 (subd 2), in turn, reads as follows: “A defendant arraigned upon a simplified information is, upon a request made before entry of a plea thereto or within thirty days of making a plea of not guilty or before commencement of a trial thereof, whichever occurs first, entitled as a matter of right to have filed with the court and served upon him a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged. Upon such a request, the court must order the complainant police officer or public servant to file such a supporting deposition with the court and to serve a copy thereof upon the defendant.”
Were the court to accept the presentment agency’s contention that the motion to dismiss must be denied on the basis of the representation contained in its opposing affirmation that “a proper supporting deposition will be furnished prior to trial”,[3] the court, in effect, would be amending section 311.2 by engrafting upon its provisions language similar to that contained in CPL 100.40 (subd 2). Had the Legislature intended to grant to the presentment agency the latitude with respect to the filing of supporting depositions for which CPL 100.40 (subd 2) provides, it could easily have done so. Since, however, the Legislature, in enacting section 311.2 of the Family Court Act, chose to adopt the more stringent provisions of CPL 100.40 (subd 1), this court is bound to apply the provisions of sections 311.2 and 315.1 as they are written.
In applying these sections, the Family Court may, of course, “consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article.” (Family Ct Act, § 303.1, subd 2.) Counsel for the presentment agency has cited no *539 appellate court cases in support of her contention, and this court has found none. Nor, with the exception of the unreported cases cited by the presentment agency, which decisions this court declines to follow, do the trial court decisions support this contention. On the contrary, the reported trial court decisions make clear that a pretrial motion to dismiss will be granted where the supporting depositions required by CPL 100.40 (subd 1) have not been furnished,[4] but that if, in response to such motion, the prosecutor promptly moves to amend the accusatory instrument by adding the necessary deposition to the petition or files such deposition, the motion to dismiss will be denied.[5] And although it appears true that if no objection to the defects in, or absence of, a supporting deposition is made in a timely fashion, the defect may, in certain circumstances be waived,[6] it does not follow from this that the presentment agency, in the face of a timely motion to dismiss, is free to disregard the plain terms of section 311.2 of the Family Court Act.
In summary, the Legislature has made clear that in order for a delinquency petition to withstand a motion to dismiss under section 315.1 of the Family Court Act, it must comply with all of the requirements of section 311.2 of the Family Court Act. No reason appears on the face of the statute or in the reported cases for treating the timing of compliance with these requirements as being subject to the presentment agency’s notions of convenience, and counsel has proffered none which is persuasive. Accordingly, where, as here, respondent, in a timely fashion, has moved to dismiss the petition pursuant to section 315.1 of the Family Court Act, and the presentment agency, in response to such motion has neither moved to amend the petition nor filed the necessary supporting deposition, respondent’s motion must be granted. However, the order of *540 dismissal is hereby stayed until March 16,1984 in order to provide petitioner with an opportunity to submit, by that date, a supporting deposition containing sufficient non-hearsay allegations to satisfy the technical requirements of section 311.2.[7]
This case remains on the Trial Calendar in Part V on March 16,1984, subject, however, to the order of dismissal, in the event that the presentment agency fails to file a sufficient supporting deposition by that date.[8]

. Affirmation in opposition, par 6.

. Id,,, at pars 4, 5.

. Id.., at par 6.

. Matter of Anthony S., 73 Misc 2d 187 (Family Ct, Richmond County, 1973) (applying CPL 100.40 under the predecessor to article 3 of the Family Ct Act).

. See, e.g., People v Grosunor, 109 Misc 2d 663 (Criminal Ct, Bronx County, 1981) (supporting deposition filed by prosecutor the day after defendant filed the motion to dismiss); Matter of Parsons, 108 Misc 2d 738 (Family Ct, Queens County, 1981) (holding CPL 100.40 [subd 11 applicable but denying motion to dismiss where motion to amend was included in presentment agency’s reply affirmation on the motion).

. See, e.g., People v Parris, 113 Misc 2d 1066, n 3, p 1069 (Crim Ct, NY County, 1982); People v Poll, 94 Misc 2d 905 (Dist Ct, Suffolk County, 1978).

. The staying of the order of dismissal in the case at bar should not be interpreted by the presentment agency to mean that such orders will routinely be stayed. In the case at bar, such stay is appropriate only in light of the fact that the trial date is imminent, and it is likely that by the time this decision is available to counsel the deposition will, in fact, have been furnished.

. The decision in this case has been edited'for publication.