The People of the State of New York, Appellant,
against
Damian Brunswick, Respondent.



Appeal from an order of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Paul Senzer, J.H.O.), entered June 19, 2015. The order granted defendant's motion to dismiss eight simplified traffic informations.




ORDERED that the order is affirmed.
Defendant was charged in eight separate simplified traffic informations with two charges of failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]), three charges of speeding (Vehicle and Traffic Law § 1180 [a]), failing to stop at a flashing red signal (Vehicle and Traffic Law § 1113 [a]), excessive tint on the side window of his vehicle (Vehicle and Traffic Law § 375 [12-a] [b] [2]), and modifying his vehicle's muffler (Vehicle and Traffic Law § 375 [31]), respectively. Thereafter, defendant moved to dismiss the simplified traffic informations based upon the People's failure to provide requested supporting depositions. The People opposed the motion. By order entered June 19, 2015, the District Court granted defendant's motion. 
When a defendant is charged by a simplified information, he or she has a statutory right to timely request a supporting deposition (see CPL 100.25 [2]). The failure to timely supply one thereafter (see CPL 100.25 [2]) renders the simplified information insufficient on its face (see CPL 100.40 [2]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept, 9th & 10th Jud Dists 1990]) and subjects it to dismissal upon a timely motion (see CPL 170.30 [1] [a]; 170.35 [1] [a]; People v Nuccio, 78 NY2d 102, 104 [1991]; People v Fattizzi, 98 Misc 2d 288 [App Term, 2d Dept, 9th & 10th Jud Dists 1978]). A letter request to the clerk of the court is sufficient to trigger the requirements of CPL 100.25 (2) (see People v Thumser, 148 Misc 2d 472 [App Term, 2d Dept, 9th & 10th Jud Dists 1990]). The record on appeal demonstrates that defendant timely requested supporting depositions and that they were not provided to him. The record further demonstrates that defendant was never arraigned and that he timely moved to dismiss the simplified traffic informations. Consequently, the District Court properly granted defendant's motion (see CPL 170.30 [1] [a]; 170.35 [1] [a]; 170.45, 210.45 [1]; 255.20 [1]; People v Key, 45 NY2d 111, 116 [1978]; People v Alese, 45 Misc 3d 135[A], 2014 NY Slip Op 51733[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). 
Accordingly, the order is affirmed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: January 24, 2017