The People of the State of New York, Respondent, 
against
Joseph Ortreger, Appellant.




Gary E. Lane, Esq., for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea, Esq.), for respondent.

Appeal from a judgment of the Justice Court of the Town of Poughkeepsie, Dutchess County (Paul L. Banner, J.), rendered June 18, 2014. The judgment convicted defendant, after a nonjury trial, of disobeying a traffic control signal. The appeal from the judgment of conviction brings up for review the denial by the same court of defendant's motion to dismiss on the ground that he had not been provided with a supporting deposition.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged, in a simplified traffic information, with disobeying a traffic control device in that he failed to stop for a steady red light (Vehicle and Traffic Law § 1111 [d] [1]) on April 3, 2014, at 7:39 p.m., on South Road in the Town of Poughkeepsie, Dutchess County. Immediately prior to the commencement of trial, defendant, through his counsel, orally moved to dismiss the simplified traffic information based upon the complaining officer's failure to provide a supporting deposition. Although it was conceded that defendant had never requested a supporting deposition (see CPL 100.25 [2]), in support of the motion to dismiss the simplified traffic information, defendant's counsel argued that, in a scheduling letter dated May 20, 2014, the Justice Court had, sua sponte, ordered the complaining officer to provide defendant with a supporting deposition and that the officer had failed to do so. The Justice Court denied the [*2]motion, finding that, as defendant had never requested a supporting deposition, he had suffered no prejudice and, in any event, that the motion to dismiss had not been made in writing.
At a nonjury trial, the complaining officer testified on behalf of the People that he had observed defendant's vehicle go through a red light and that the traffic light had not malfunctioned. Defendant and his 15-year-old son testified on behalf of the defense that the light was green when defendant's vehicle proceeded through it. Following the trial, the Justice Court found defendant guilty. On appeal, defendant contends that his motion to dismiss should have been granted, that the evidence was legally insufficient to convict him, and, in any event, that the verdict was against the weight of the evidence.
"A defendant charged by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or . . . his attorney, a supporting deposition of the complainant police officer" (CPL 100.25 [2]). "Upon such a request, the court must order the complainant police officer . . . to serve a copy of such supporting deposition upon the defendant or his attorney . . . and to file such supporting deposition with the court together with proof of service thereof" (CPL 100.25 [2]). A simplified traffic information is sufficient on its face when it is substantially in the form prescribed by the commissioner of motor vehicles (see CPL 100.25 [1]; 100.40 [2]). However, "when the filing of a supporting deposition is ordered by the court pursuant to [CPL 100.25 (2)], a failure of the complainant police officer or public servant to comply with such order within the time provided by [CPL 100.25 (2)] renders the simplified information insufficient on its face" (CPL 100.40 [2]; see People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept, 9th & 10th Jud Dists 1990]) and subjects it to dismissal upon motion (see 170.30 [1] [a]; CPL 170.35 [1] [a]; People v Nuccio, 78 NY2d 102, 104 [1991]; People v Fattizzi, 98 Misc 2d 288 [App Term, 2d Dept, 9th & 10th Jud Dists 1978]).
Had the Justice Court, sua sponte, ordered the complaining officer to provide defendant with a supporting deposition, it arguably would have obviated the need for defendant to have requested one (see generally People v Key, 45 NY2d 111 [1978]). However, contrary to defendant's contention, an examination of the May 20, 2014 scheduling letter upon which defendant relies reveals that it contained no order by the Justice Court directing the complaining officer to provide a supporting deposition. More specifically, prior to trial, the court sent two scheduling letters to defendant, one dated April 17, 2014 and the other dated May 20, 2014, and, in each instance, the court used a form letter with standard preprinted language. In addition to scheduling a pretrial conference for May 14, 2014, the April 17, 2014 form letter stated: "The officer is hereby directed to serve a supporting deposition to the defendant on or before NONE REQUESTED." As the words "NONE REQUESTED" were added to the form letter, it is clear from the face of that letter that no supporting deposition had been requested by defendant, which fact defendant concedes. In addition to scheduling another pretrial conference and/or trial for June 11, 2014, the May 20, 2014 form letter stated: "The officer is hereby directed to serve a supporting deposition to the defendant on or before RESCHEDULED. NO ADJOURNMENTS WILL BE GRANTED." The record demonstrates that this letter was sent as a follow-up to the pretrial conference that had been held on May 14, 2014, wherein defendant had been told that he [*3]would be notified of an adjourned date for the trial. Thus, the court, in adding the words "RESCHEDULED. NO ADJOURNMENTS WILL BE GRANTED" to the May 20, 2014 form letter, was referring to the pretrial hearing/trial being rescheduled to June 11, 2014 and notifying defendant that no adjournments would be granted. Consequently, we find that there is nothing in the record to indicate that the court had, sua sponte, ordered the complaining officer to provide defendant with a supporting deposition. As defendant concededly never requested a supporting deposition, and did not claim in any way that the simplified traffic information filed herein was defective, the Justice Court properly denied defendant's motion to dismiss the simplified traffic information. In light of the foregoing, we need not address the second ground upon which the Justice Court denied the motion, i.e., that it was not made in writing, which requirement, we note, can be waived (see People v Jennings, 69 NY2d 103, 113 [1986]; People v Ray, 58 AD2d 588 [1977]).
Defendant's legal insufficiency claim is preserved for appellate review since his attorney moved to dismiss the charge following the close of all of the evidence at trial (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Olsen, 124 AD3d 1084 [2015]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was sufficient to establish defendant's guilt of disobeying a traffic control signal in violation of Vehicle and Traffic Law § 1111 (d) (1), since the complaining officer testified that he had observed defendant drive through a red light (see Matter of Ballen v Commissioner of Motor Vehs., 147 AD2d 560 [1989]; People v Segal, 3 Misc 3d 134[A], 2004 NY Slip Op 50456[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). The testimony of defendant and his 15-year-old son that the traffic light had been green when defendant's vehicle had passed through it presented an issue of credibility (see People v Sperandeo, 52 Misc 3d 135[A], 2016 NY Slip Op 51032[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). The resolution of issues of credibility, as well as the weight to be accorded the evidence presented, is for the trier of fact, which had the opportunity to see and hear the witnesses (see People v Lane, 7 NY3d 888, 890 [2006]; People v Romero, 7 NY3d 633, 644-645 [2006]), and the determination of the trier of fact should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see People v Mateo, 2 NY3d 383, 410 [2004]). After examining all of the evidence adduced at trial and weighing the conflicting testimony (see People v Danielson, 9 NY3d 342, 348 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence, as it cannot be said that it was unsupported by the record (see Segal, 3 Misc 3d 134[A], 2004 NY Slip Op 50456[U]).
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., GARGUILO and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 24, 2017