OPINION OF THE COURT
Jules E. Orenstein, J.
Defendant’s motion to dismiss the simplified trafile information filed against him herein is hereby denied.
The court notes the official file of this matter includes supporting deposition, dated June 7, 1985, "to Kevin Schlosser, 30 Rockefeller Plaza, 22nd Floor, New York, New York.”
The court observes defense counsel pleaded his client "not guilty” by mail and demanded a supporting deposition, all within the same letter dated April 22, 1985, addressed only to the Clerk of the Traffic Court.
No copy of this letter was served upon the office of the District Attorney (the adversary of defense counsel) who represents the People in all traffic prosecutions in the Central Traffic Court of Nassau County, a well-known and notorious fact.
The CPLR requires service of a copy of papers in a pending proceeding upon one’s adversary. The CPL and Vehicle and Traffic Law do not contravene or rule otherwise. The mere fact that CPL 100.25 et seq., requires that the demand be made upon the Clerk, does not exclude the necessity of service of a copy of same upon one’s adversary — in this case the office of the Nassau County District Attorney, a fact this court judicially notices.
*691 Professor David Siegel, commenting upon CPLR 2103 (e), points out (NY Prac, at 240) that the aim of that section is to keep all parties posted of all steps taken in the action. This principle also applies in the instant case, under the general rule that in regard to procedural matters, where the Criminal Procedure Law is silent, we look to the CPLR for guidance.
Further, it is a matter of fundamental fairness that when a defendant requests a supporting deposition pursuant to CPL 100.25, that he be required to serve a copy of the demand upon the District Attorney.
If the prosecutor does not receive notice that the defendant has demanded a supporting deposition, that office is left in the position where it is not given any opportunity to facilitate or expedite the swearing out, filing and service of a copy of the deposition upon the defendant.
In Nassau County, the District Attorney is the People’s advocate in traffic matters such as this, and to allow the defendant to demand from the Clerk of the court a supporting deposition without also serving a copy on the District Attorney would be inequitable, especially considering the primary importance of properly making out, filing and serving the supporting deposition and also in view of the fact that the supporting deposition becomes part of the accusatory instrument itself.
Since the significant consequence of the failure to timely make, file and serve the supporting deposition may be the dismissal of the accusatory instrument and the District Attorney’s loss of the chance to prosecute the case, through no failure or oversight on the part of the prosecutor, it is a matter of basic fairness that the defendant should be required to serve a copy of the demand for the supporting deposition upon the prosecutor.
In many small Justice, Magistrate, or other local minor traffic courts, the local law enforcement officer in most instances prosecutes traffic violations, and the local District Attorney does not prosecute same. In those cases, the Clerk of the court processes the relatively small number of traffic actions and maintains liaison with the State or local police. However, in the Central Traffic Court, Nassau County District Court, Central Traffic Part, tens of thousands of traffic tickets and prosecutions are processed each year and prosecuted by the District Attorney. Such voluminous activity presents many administrative and ministerial problems.
*692 Accordingly, while CPL 100.25 et seq. provides a right to a supporting deposition, the penalty for failure to so provide (CPL 100.40 et seq.) under the circumstances of the instant case would exalt form over substance and would also encourage an archaic rationale leading to a parade of decisions never reached on the merits, all at the expense of justice in the public interest.
Therefore, since it appears from the file that the supporting deposition dated June 7, 1985 has been and is in the court’s file and since defense counsel never served a copy of the plea by mail and demand for a supporting deposition upon his adversary, the District Attorney, the motion fails.