OPINION OF THE COURT
Jerome B. Fleischman, J.
Defendent, charged with an unclassified misdemeanor of aggravated unlicensed operation of a motor vehicle in the second degree in violation of Vehicle and Traffic Law § 511 (2) (a) (i), (iii), moves to dismiss the charge pursuant to CPL *229 170.30 (1) (f) on the ground that there exists a legal or jurisdictional impediment to conviction.
Defendant was given two simplified traffic informations (STI) by Police Officer Meyer on November 16, 1986, charging him with disobeying a traffic control device in violation of section 1110 (a) of the Vehicle and Traffic Law, and for operating a motor vehicle without a license in violation of section 509 (1) of the Vehicle and Traffic Law, both offenses allegedly occurring on the date that the STIs were issued. Defendant appeared in court for the first time on January 16, 1987, with his attorney. During the interim the People learned that defendant allegedly had his license revoked on July 18, 1986, for a second conviction of driving while intoxicated. Before he could be arraigned on the aforementioned STIs, the People moved to amend the charge under section 509 (1) to one of aggravated unlicensed operation in the second degree as a violation of section 511 (2) (a) (i), (iii). Defendant’s attorney objected to the amendment and, when the court requested some legal authority for the amendment, the People asked for and received an adjournment until 3:00 p.m. to provide such authority. In the meanwhile a third STI was filed with the court charging the defendant with aggravated unlicensed operation in the second degree. This STI was signed by Police Officer Bart "on information and belief’ and a copy was served upon defendant that afternoon in open court. The People then moved to dismiss the prior 509 (1) Vehicle and Traffic Law STI as having been superseded by the new STI. Defendant’s attorney objected and the court gave him permission to make this motion.
This instant motion raises two interesting, if not novel, questions. First, can an STI be amended to change the charge? Second, can an STI be superseded by another STI charging a different offense? While the first question need not be decided since the People abandoned this tactic in favor of the second, it will be explored for the purpose of giving future direction to prosecutors, and since the same basic considerations and statutory schemes are involved.
In order to place this matter in proper perspective, it is important to set forth the nature and purpose of an STI. CPL 1.20 (5) (a) defines it as a written accusation by a police officer or other public servant authorized by law to issue the same, filed with a local criminal court on forms prescribed by the Commissioner of Motor Vehicles, charging a person with one or more traffic infractions or misdemeanors relating to traffic, *230 which serves both to commence a criminal action and as a basis for prosecution thereof. The filing of an STI is a way to commence a criminal action in a local criminal court, and is an alternative to charging by a regular information. (CPL 100.10 [2] [a].) Its purpose is "to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which they are principally utilized. The form prescribed * * * permits a minimum amount of factual information, and * * * a defendant * * * is entitled as of right to the supporting deposition of the complainant” (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.25, at 55).
The STI differs from a regular information in that it is not verified and contains no factual allegations of an evidentiary nature to support the charge or charges. (CPL 100.10 [2] [a].) Consequently, there is no specific provision of the CPL which permits amendment of the STI, unless the term "Information” is interpreted to include "Simplified Traffic Information”. While the court in People v Twine (121 Misc 2d 762), by implication from CPL 170.35 (1) (a), read CPL 100.45 (2) to include informations of a type other than prosecutor’s informations to permit an amendment as to form of an information charging the defendant with petit larceny, we are dealing here with a substantive amendment changing the offense from a traffic infraction to a misdemeanor. While an STI can be amended under Twine as to form, I do not believe that the Legislature intended such a drastic judicial revision of its statutes to permit substantive amendments. The key to any such amendment is that there be a sufficient factual allegation in the original information to support the charge which is sought to be inserted by amendment. Since an STI has no factual allegations of an evidentiary nature to support the charge, it does not come within the purview of CPL 100.45 (3) and cannot be amended in a substantive fashion.
However, I find nothing in the statute which prohibits the filing of a new STI charging defendant with an unclassified misdemeanor. The case of People v Baron (107 Misc 2d 59), cited by defendant for the contrary proposition, is inapposite. That case involved an STI made defective by a supporting deposition, which was sought to be cured by a superseding "long form information”. We have neither a defective initial STI for the violation of Vehicle and Traffic Law § 509 (1), nor a superseding "long form information”. We merely have an *231 additional charge filed against the defendant for another offense.
To hold otherwise would be to place a tremendous burden on every police officer in the State to learn instantly while on the highway the exact and current status of a motorist’s driver’s license. If a police officer makes a mistake, or the motorist misleads him, or the computer is down, the police would be unable to properly enforce the traffic laws, and the purpose of the STI serving as a simplified manner of dealing with voluminous traffic offenses which plague the State and the courts would be defeated.
The motion is, therefore, denied and the case is remanded to the calendar for trial on May 1, 1987.