THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v RICHARD ABAJIAN, Defendant.

Justice Court of Village of South Nyack, Rockland County, January 5, 1989

### APPEARANCES OF COUNSEL

*Stanley Weiner* for defendant.

### OPINION OF THE COURT

DANIEL MARKEWICH, J.

This is a motion to dismiss a simplified traffic information pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) on the ground that it is not sufficient on its face within the requirements of CPL 100.40 (2). The motion raises two interesting questions of particular significance to criminal litigation in the Justice Courts. First, in a court where neither the District Attorney nor the Village Attorney handles traffic infractions, who if anyone, as the "prosecutor" for "the People," must be served with a motion to dismiss the simplified information? Secondly, may the simplified information be "amended," in response to a motion to dismiss, so as to supply the supporting deposition that had been previously timely requested but not furnished?

The operative facts herein are that defense counsel made timely request pursuant to CPL 100.25 (2) for a supporting deposition of the complainant police officer, and we thereupon directed the court clerk to notify the officer to comply; but the clerk inadvertently failed to do so, with the result that no supporting deposition was forthcoming. After 30 days had passed, defendant moved to dismiss.

As CPL 170.45 and 210.45 (1) require, defendant's motion was made in writing, in the form of a letter memorandum from defense counsel to the court dated November 4, 1988. *(See also, People v Fattizzi,* 98 Misc 2d 288 [App Term, 2d Dept 1978].) However, the motion was not made upon "notice to the People", as the statutes and case law also mandate, since we initially concurred in defense counsel's suggestion that in the absence of the District Attorney, who as a policy matter has chosen not to appear as prosecutor of traffic infractions in this court, there was no representative of "the People" to be notified of defendant's motion. For the reasons that follow, we have now concluded that State Trooper Angel Abreu, the arresting officer and complainant, is the prosecutor representing "the People" in this criminal action and there-

fore ought to have been notified of the pendency of this motion.[1]

The simplified traffic information herein correctly sets forth that it is brought in the name of the "People of the State of New York". General Construction Law § 18-a provides that every " 'criminal action' is prosecuted in the name of the people of the state of New York," and CPL 1.20 (1) provides that "the state" is "plaintiff" in every criminal action and that every accusatory instrument "must be entitled 'the People of the state of New York' " against the designated defendant. But neither of these statutes tells us who must or may represent "the People." That issue must be determined by resort to a combination of statute and case law.

CPL 1.20 (31) defines a "Prosecutor" as "a district attorney or any other public servant who represents the people in a criminal action." CPL 1.20 provides generally that the definitions contained in Penal Law § 10.00 are equally applicable to the Criminal Procedure Law. Penal Law § 10.00 (15) defines a "Public servant" as "any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state"; this would certainly include a State Trooper. But since a State Trooper is not a "District attorney" as defined by CPL 1.20 (32), the question still remains in what circumstances a Trooper or other police officer may represent the People as prosecutor.

*People v Wyner* (207 Misc 673, 675 [Westchester County Ct 1955]) noted that "Prosecutions of misdemeanors and offenses in the lower courts are usually conducted by local authorities, that is, by the police, State troopers and other local public officials". This language was cited with approval in *Matter of Johnson v Boldman* (24 Misc 2d 592 [Sup Ct, Tioga County

---

1. We need not decide what means of notice to Trooper Abreu would have constituted the "reasonable notice" required by statute where, as here, the only details of his address set forth in the simplified traffic information were his troop, zone and station, the last two of which are nearly illegible. It is possibly in part because of the very scantiness of the information identifying the arresting officer set forth in the typical simplified traffic information that the court, rather than the defendant or his attorney, is responsible pursuant to CPL 100.25 (2) for notifying the officer of a request for a supporting deposition. It would seem that where a police officer represents "the People," the least that should be required if the officer wishes defense counsel to give him notice of motions pursuant to CPL 170.45 and 210.45 (1) is that he furnish the address for the service of papers that CPLR 2101 (d) requires.

1960]). In *People v DeLeyden* (10 NY2d 293 [1961]), a conviction for speeding prosecuted by a Deputy Sheriff was affirmed.

*People v Schildhaus* (4 NY2d 883 [1958]) implicitly held that the Corporation Counsel had authority to prosecute sanitary code violations. *People v Leombruno* (10 NY2d 900 [1961]) held that a Village Attorney may prosecute a charge of disorderly conduct. In *People v Czajka* (11 NY2d 253, 254 [1962]), it was held that traffic offenses "may be prosecuted in courts of special sessions by administrative officers and attorneys other than the District Attorney".

A year later, the seminal case of *People v Van Sickle* (13 NY2d 61 [1963]) held that a criminal conviction need not be reversed solely because a lay complaining witness was allowed to conduct the prosecution. But the majority added in dictum that although the District Attorney or his deputy need not be physically present at every criminal hearing, he "must set up a system whereby he knows of all the criminal prosecutions in his county and either appears therein in person or by assistant or consents to appearance on his behalf by other public officers or private attorneys." *(Supra,* at 62-63.)

According to Judge Fuchsberg, concurring in *People v Rosenberg* (45 NY2d 251, 262 [1978]), the holding of *Van Sickle (supra)* is merely that a "conviction will not be reversed on appeal solely because a prosecutor improperly acted *ultra vires* in prosecuting the case". *Read v Sacco* (49 AD2d 471 [2d Dept 1975]) may therefore stand only for the related proposition that such a conviction will not be denied collateral estoppel or res judicata effect in a subsequent civil action.

At least three reported New York City Criminal Court decisions have held that where the District Attorney is aware of the existence of a term of a court and chooses not to staff it, the dictates of *Van Sickle (supra)* have been complied with and, therefore, cases may be prosecuted by other persons. *(People v Citadel Mgt. Co.,* 78 Misc 2d 626 [Crim Ct, NY County 1974]; *People v Anonymous,* 126 Misc 2d 673 [Crim Ct, NY County 1984]; *People v Vial,* 132 Misc 2d 5 [Crim Ct, NY County 1986].) The State Attorney-General does not agree. (1965 Opns Atty Gen 118; 1966 Opns Atty Gen 125; 1969 Opns Atty Gen 54; 1979 Opns Atty Gen 28; 1979 Opns Atty Gen 245; 1986 Atty Gen [Inf Opns] 123.) Rather, the Attorney-General would hold that, to fulfill the requirements of *Van Sickle (supra)* the District Attorney must "set up a system whereby the required consent could be conferred on others for

a class of cases in advance of the offense, provided that the district attorney receives a report of all cases not personally handled by his office." (1966 Opns Atty Gen, *op. cit.; see also, People v Vlasto,* 78 Misc 2d 419 [Crim Ct, NY County 1974].)

■ The issue is not free from doubt. *(See, Conway v Village of Mount Kisco,* 750 F2d 205, 215, n 14 [2d Cir 1984] ["The question is open on remand whether the prosecution could properly have been initiated without the district attorney's consent"].) We concur with the Attorney-General in holding that *Van Sickle (supra)* is not complied with merely because the District Attorney knows of, and chooses not to staff, a term of court. Fortunately, however, that is not the procedure in this Village Court. Although the District Attorney does not prosecute traffic infractions, his assistant does attend each semimonthly calendar call of the court to handle the other criminal actions pending therein and thus clearly has the opportunity, by his presence, to become aware of all pending traffic infractions as well. That, in our judgment, constitutes sufficient compliance with the requirement of *Van Sickle (supra)* that the District Attorney must set up a system whereby he is aware of all of the prosecutions pending before the court even though he chooses not to handle some classifications of cases.

The issue of who may prosecute such cases in the absence of the District Attorney when *Van Sickle (supra)* is complied with is rendered more difficult by two recent decisions of the Court of Appeals. *Matter of Darvin M. v Jacobs* (69 NY2d 957, 959 [1987]) seems to hold that, pursuant to the County Law, crimes and offenses "must be prosecuted by a District Attorney". A traffic infraction is, of course, an "offense," albeit it is not a crime. (Penal Law § 10.00 [2]; CPL 1.20 [39].) *Della Pietra v State of New York* (71 NY2d 792, 796 [1988]) observes: "With few exceptions, the Legislature has delegated the responsibility for prosecuting persons accused of crime solely to the District Attorney." We take the foregoing to mean at least that the dictum of *Van Sickle (supra)* remains undiluted; we shall not assume that any further restrictions on *Van Sickle (supra)* were intended by the language of these two recent cases.

*Darvin M. (supra,* at 959) declares that in a criminal action "a 'prosecutor' represents the People (CPL 1.20 [31])." Pursuant to the case law and to Village Law § 20-2006 (2), such a

"prosecutor" may of course be the Village Attorney,[2] but that official does not handle traffic infractions in this Village Court. In the circumstances, we hold that since Trooper Abreu is a "public servant" within the definition of Penal Law § 10.00 (15), he is an appropriate prosecutor, and the actual prosecutor, of the present criminal action pursuant to CPL 1.20 (31). That is to say, Trooper Abreu "represents the People" in the present case. *(See also,* 1965 Opns Atty Gen 118; 1979 Opns Atty Gen 28.)[3]

*People v Birnberg* (112 Misc 2d 870, 876 [Crim Ct, NY County 1981]) held that, in the absence of the District Attorney, "the litigant as the ultimate party in interest" has the same standing as "the People." Here, of course, since we have held that Trooper Abreu "represents the People" within the intendment of both the case law and the Criminal Procedure Law, he was entitled to "reasonable notice" of the present motion to dismiss, pursuant to CPL 170.45 and 210.45 (1), and he was not given any notice. Nevertheless, for reasons of judicial economy, defendant's motion will be considered on its merits.

Defendant urges that, pursuant to *People v Zagorsky* (73

---

**2.** The statute is not intended to require a Village Attorney or his deputy to be designated an Assistant District Attorney in order to prosecute. (1969 Opns Atty Gen 54.) Moreover, a Village Board has the power to retain another attorney to prosecute petty offenses (1979 Opns Atty Gen 245). Such an attorney would appear to be a "public servant" with respect to his employment pursuant to Penal Law § 10.00 (15) and therefore for the purposes of CPL 1.20 (31). The Village Board may even delegate the prosecutorial responsibility to other, nonlawyer public servants in certain circumstances (1986 Atty Gen [Inf Opns] 123).

**3.** *People v Van Sickle* (13 NY2d 61, 63), decided in 1963, permitted a District Attorney to delegate his prosecutorial authority to either "public officers or private attorneys." However, we concur in the Attorney-General's opinion, recounted in *People v Vlasto* (78 Misc 2d 419), that the Criminal Procedure Law, effective since 1971, grants prosecutorial authority to neither a private attorney nor a private citizen, since we interpret CPL 1.20 (31) to mean that only a "public servant" may "represent * * * the people in a criminal action." Because of practical and historical considerations, courts have continued to find common-law authority for such prosecutions, notwithstanding that pursuant to CPL 1.10 (1) and UJCA 2001 (2) the procedure in "criminal actions" is supposed to be governed "exclusively" by the Criminal Procedure Law. *(See, e.g., People v Citadel Mgt. Co.,* 78 Misc 2d 626; *People v Vial,* 132 Misc 2d 5; *People v Anonymous,* 126 Misc 2d 673; *and see, People v Kaslov,* 126 Misc 2d 1067, 1071 [Crim Ct, NY County 1985] ["private persons and attorneys have been permitted to prosecute criminal cases, despite the absence of express statutory authority"].) In any event, pursuant to *Read v Sacco* (49 AD2d 471), such a conviction will not be invalidated if the trial was otherwise fairly conducted.

Misc 2d 420 [Broome County Ct 1973]), *People v De Feo* (77 Misc 2d 523 [App Term, 2d Dept 1974]), and *People v Mercurio* (93 Misc 2d 1126 [Dist Ct, Nassau County 1978]), the simplified traffic information, having not been timely supplemented by a supporting deposition, must be dismissed without further ado. *(See also, People v Origlia,* 138 Misc 2d 286 [Long Beach City Ct 1988].)

But CPL 170.35 (1) (a) provides that a simplified traffic information "may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people so move to amend". And two cases cited by defendant, *People v Baron* (107 Misc 2d 59 [App Term, 2d Dept 1980]) and *People v Hust* (74 Misc 2d 887 [Broome County Ct 1973]), note that in certain circumstances a simplified traffic information may be amended rather than dismissed as facially defective.

At issue, then, is whether the present simplified traffic information may be amended so as to supply the supporting deposition that is altogether absent. Here, as in *Fattizzi* (98 Misc 2d, *supra,* at 290), "the simplified information," notwithstanding the absence of a supporting deposition, "was sufficient to adequately provide defendant with notice of the nature of the charge". But, because of the absence of the requested supporting deposition, the information herein did "not provide on its face reasonable cause to believe defendant committed the offense charged". *(People v Key,* 45 NY2d 111, 115-116 [1978].)

*People v Twine* (121 Misc 2d 762 [Crim Ct, NY County 1983]) and *People v Parris* (113 Misc 2d 1066 [Crim Ct, NY County 1982]) both hold that by "implication arising from CPL 170.35 (subd 1, par [a])," CPL 200.70 (1) "applies to informations and other accusatory instruments". *(People v Twine, supra,* at 767; *see also, People v Pacifico,* 105 Misc 2d 396 [Crim Ct, Queens County 1980].) Consistently with these cases, *People v Engeman* (135 Misc 2d 228, 230 [Long Beach City Ct 1987]) held that a simplified traffic information "can be amended * * * as to form" but not "in a substantive fashion."[4]

---

4. *People v Engeman* (135 Misc 2d 228, 230) also held that where an information has "factual allegations of an evidentiary nature to support the charge," a substantive amendment may be available. Perhaps, therefore, it is the existence of supporting depositions, however inadequate, in *People v Baron* (107 Misc 2d 59) and *People v Hust* (74 Misc 2d 887), that differentiates those cases from the present case, at least in principle, with respect to the right to amend.

■ CPL 200.70 (1), which may be incorporated within CPL 170.35 (1) (a), permits amendments "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like". But CPL 200.70 (2) (b) specifically bars any amendment "for the purpose of curing * * * [l]egal insufficiency of the factual allegations". In the case of a simplified traffic information unaccompanied by a supporting deposition, there are absolutely no factual allegations; therefore, the failure to provide a supporting deposition upon timely request causes the absence of factual allegations to become a legal insufficiency thereof, which cannot be cured by amendment. Accordingly, CPL 170.35 (1) (a) would not authorize the amendment of the information herein so as to include the supporting deposition not previously furnished, and the motion to dismiss must be granted.

Thus far, we have ignored the fact that, in any event, "the people" did not "move to so amend", as CPL 170.35 (1) (a) requires as a prerequisite to any amendment. Indeed, it would have been all but impossible for "the People" to have so moved, since Trooper Abreu, who "represents the People," has been given no notice of the present motion. But even if the People had opposed the motion to dismiss and moved to amend, the motion to amend would have had to be denied and the motion to dismiss granted for all of the reasons set forth *supra.*

Defendant concedes that this dismissal is not on the merits. *(People v Bock,* 77 Misc 2d 350 [Broome County Ct 1974].) Plainly the officer, having never been notified that he must provide a supporting deposition, bears no responsibility for the dismissal;[5] and in any event "the People are always free to

---

5. Originally, by analogy to CPL 30.30 (4) (g), we asked defense counsel to consider the impact, if any, on the 30-day rule of CPL 100.25 (2) occasioned by Trooper Abreu's provable disability that encompassed the entire 30 days. On reflection, however, we have determined that this issue is of no consequence in the present case. Since the court clerk never informed Trooper Abreu that his supporting deposition was required, there is no way of knowing whether, irrespective of the Trooper's disability (which, according to a letter from his commanding officer requested by us, involved a bruise and tear in the muscle of his right thumb), he would have timely complied with the request. Moreover, CPL 30.30 has no applicability to traffic infractions; the latest in a series of cases so holding is *People v Matute* (141 Misc 2d 988 [Crim Ct, Bronx County]). Since Trooper Abreu remains free to re-serve and refile the simplified traffic information and, on subsequent request, to serve and file his supporting deposition, there is no need to consider whether or not good cause might have been read into CPL 100.25 (2) so as to provide ground for an extension of the original 30 days.

recommence prosecution by filing another information (reserve the ticket and a new deposition) provided always that the governing Statute of Limitations is not exceeded pursuant to CPL 30.10 (4) (b)." *(People v Jeck-Tisch,* 133 Misc 2d 1090, 1092 [White Plains City Ct 1986].)[6]

By analogy to *Fitzpatrick v Cook* (58 AD2d 642 [2d Dept 1977]), the simplified traffic information in the present case will be dismissed without further notice 35 days from the posting of a copy of this opinion to Trooper Abreu by the court clerk, unless in the interim the Trooper or some other public servant representing the People requests reargument and submits papers raising appropriate legal or factual issues, in which event the motion will be reconsidered on its merits. *(Cf., People v Bermudez,* 84 Misc 2d 1071 [Sup Ct, NY County 1975].)

---

6. The official advance sheet indicates no appearance in that case by any District Attorney or Corporation Counsel. Presumably, therefore, the reference to "the People" meant the police officer.