OPINION OF THE COURT
Daniel Palmieri, J.
In each of the above traffic cases, the defendant has moved to dismiss the accusatory instrument, pursuant to CPL 170.30, based on the failure to timely file a supporting deposition.
CPL 100.25 (2) provides that a defendant who makes a timely request, therefore, is "entitled as a matter of right” to receive a supporting deposition containing reasonable cause to believe that the defendant committed the offense charged. The court, upon receipt of the defendant’s timely request for a supporting deposition, must order service thereof within 30 days of the court’s receipt of the defendant’s request or five days before trial "whichever is earlier”.
CPL 100.25 does not specify any sanctions for noncompliance, however, CPL 100.40 (2) states that when the filing of a supporting deposition is ordered by the court, pursuant to CPL 100.25, a failure to comply renders the information insufficient on its face.
While it would appear that failure to comply with the section mandates a dismissal for the reasons set forth herein, this court denies the motions upon condition that unless previously served, a police officer shall serve in each case herein, a supporting deposition which complies with CPL 100.25 within 30 days after the entry of this order.
The CPL Practice Commentaries state that CPL 100.40 was adopted so as to create a point in time for declaring the information defective for the purpose of moving for dismissal under CPL 170.30. (Preiser, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.25, 1989 Cum Ann Pocket Part, at 10-11.)
Moving to CPL 170.30 and 170.35 we learn that a simplified information may be dismissed if it is defective within the meaning of CPL 170.35, however, where a simplified information is not sufficient on its face, pursuant to the requirements of CPL 100.40, it may not be dismissed but "must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend” (CPL 170.35 [1] [a]).
*70 Thus, so long as a defect or irregularity is curable by amendment and the People so move, the information may not be dismissed. (See, People v Baron, 107 Misc 2d 59 [App Term 1980].)
There are no clear appellate guidelines or legislative memoranda which define the types of defects which can be amended under CPL 170.35 (1) (a), however, in his Practice Commentary to CPL 170.35 (McKinney’s Cons Laws of NY, Book 11A, at 72), Judge Bellacosa suggests that an amendment can only occur where the defect is nonjurisdictional. Under this theory, the court must find that the service of an untimely supporting deposition is an amendment of the simplified information. If such a definition of "amendment” is adopted, then CPL 170.35 (1) (a) may be utilized to remedy the defect in these cases.
In his Practice Commentaries, Peter Preiser indicates his support for the notion that service of a supporting deposition is a curable amendment under CPL 170.35 and 100.25. (But see, People v Parris, 113 Misc 2d 1066 [1982]; People v Pacifico, 105 Misc 2d 396 [1980].)
Notably, CPL 200.70 respecting amendment of indictments limits amendments to matters of time, place, names and the like. There are no such statutory limits with respect to simplified informations.
There is no authority which states that the failure to file a supporting deposition is a nonjurisdictional defect. However, it is clear that the defect is a waivable one. In People v Key (45 NY2d 111 [1978]), the Court of Appeals found that a defect in a simplified information, caused by an inadequate supporting deposition, could be waived by the defendant if not objected to in a timely manner. The court distinguished this defect from nonwaivable defects in accusatory instruments since a simplified information was sufficient by itself and could proceed to trial without a supporting deposition if the defendant failed to timely request the deposition.
If a defect can be waived, it is not a jurisdictional defect but rather constitutes the type of defect that can be amended as long as the defendant is not prejudiced by such amendment. The defect here is nonjurisdictional in nature since a supporting deposition is not a prerequisite to a valid prosecution but rather is a vehicle designed to protect the defendant’s right to be informed of the nature of the charges against him. As long as this right is not prejudiced by an amendment, there should be no bar to permitting the People to cure the defect by filing *71 a late supporting deposition. However, the court must allow the defendant a reasonable time from his receipt of the supporting deposition to prepare for trial.
In People v Reiter (NYLJ, Feb. 14, 1989, at 27, col 3 [App Term, 9th & 10th Judicial Dists]), the court found that where the police had mailed a supporting deposition to the defendant’s attorney within the 30-day period but, due to a clerical error, the address on the mailing envelope was printed incorrectly, the simplified information had to be dismissed and in People v Hust (74 Misc 2d 887 [Broome County Ct 1973]) and People v Zagorsky (73 Misc 2d 420 [Broome County Ct 1973]), the County Court held that the failure of the police to provide the defendant with a supporting deposition is a defect which requires the dismissal of the information. However, none of these cases addressed the amendment procedure of CPL 170.35 (1) (a).
Moreover, the courts and commentators point out that even if the information is dismissed for late filing, since such dismissal is based only on insufficiency, there is no bar or prohibition to the filing of a new information. (Preiser, Supp Practice Commentaries, op. cit.; People v Bock, 77 Misc 2d 350 [Broome County Ct 1974]; People v Mercurio, 93 Misc 2d 1126 [Dist Ct, Nassau County 1978]; People v Hartmann, 123 Misc 2d 553 [1984].) Thus, to permit an amendment would eliminate the necessity of reservice of the information.
In each of the cases presently pending before the court, the defendant has failed to set forth any facts which demonstrate that he would be prejudiced by a short pretrial adjournment to allow the People to file a supporting deposition. Accordingly, it follows that, under these circumstances, the People should be permitted to amend the defect in the simplified information by serving the supporting deposition.
Since the People did not (except in Sokoloff) cross-move to cure the defect under CPL 170.35, this court could simply dismiss on that basis. However, CPL 100.40 and 100.25 preclude such dismissal because they both presuppose prior court intervention in directing the service of a supporting deposition, and since the intent of the CPL is to avoid a dismissal where the defect or irregularity is curable, the informations should not be dismissed merely because the People failed to cross-move for leave to serve the deposition.
In People v McDonough, the defendant failed to submit any proof of service upon or receipt by the court of the demand for *72 a supporting deposition. The court’s copy of the defendant’s demand is stamped as received on October 10, 1988, and the supporting deposition was filed on November 1, 1988. Since the defendant has not rebutted the presumption that the court received the demand on the date stamped upon the demand, the supporting deposition appears to have been timely filed, hence as to this defendant, the motion is denied in its entirety.
It is ordered that in People v Vitarelli, People v Noonan, People v Hulme, People v Freedman and People v Sokoloff, a supporting deposition be served upon the defendant in accordance with CPL 100.25 within 30 days of the date of this order. And it is further ordered that in People v Nizin and in People v Freidkes, where supporting deposition may not have been served timely, that the information be deemed amended under CPL 170.35 (1) (a).