OPINION OF THE COURT
Sandra J. Feuerstein, J.
Upon the motion to reargue the court’s decision dated May 9, 1989, reargument is granted and the decision below is hereby substituted:
The defendant, Bart Thumser, was arrested and arraigned on a charge of driving while impaired by alcohol in violation of section 1192 (1) of the Vehicle and Traffic Law on December 30, 1988. Defendant and counsel appeared on January 19, 1989 at which time the matter was adjourned to February 27, 1989 for trial. By letter dated January 20, 1989, and received by the clerk of the court on January 23, 1989, defendant *426 requested of the clerk that the complaining officer serve upon defendant a supporting deposition. The letter was not sent to the District Attorney’s office (see, People v Schlosser, 129 Misc 2d 690), but was placed in the court file with no exterior marking of its receipt. The date of January 20th was not a date set by the court or agreed upon by the People as an appearance or motion date. By motion returnable March 15, 1989 defendant sought dismissal of the simplified traffic information pursuant to CPL 170.30 and 170.35, on the ground that no supporting deposition had been served pursuant to CPL 100.25 (2).
The issue presented is whether a letter to the clerk of the court is sufficient to generate an order requiring a police officer or public official to serve a supporting deposition.
CPL 100.25 (2) states in relevant part: “A defendant arraigned upon a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged. Such a request must be made before entry of a plea of guilty to the charge specified and before commencement of a trial thereon, but not later than thirty days after (a) entry of the defendant’s plea of not guilty when he has been arraigned in person, or (b) written notice to the defendant of his right to receive a supporting deposition when he has submitted a plea of not guilty by mail. Upon such a request, the court must order the complainant police officer or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such request is received by the court, or at least five days before trial, whichever is earlier, and to file such supporting deposition with the court together with proof of service thereof.”
The interpretation of this section of the Criminal Procedure Law by defense counsel to require only an informal communication to the clerk of the court has created a problem for prosecutors who, as on the instant facts, are unaware of the request for a supporting deposition and cannot, therefore, timely comply. Moreover, it lodges the responsibility of issuing an order upon a Judge who may also be unaware that a request has been made.
*427 The stumbling block is the use of the phrase "request” which reasonably envisions a verbal demand for the supporting deposition on the record (CPL 170.10) or otherwise in the presence of and upon notice to the Judge and the prosecutor, but cannot reasonably be construed to consider a letter to the clerk as a "request” to the Judge. (Cf., People v Schlosser, supra.)
Indeed, from a practical standpoint it is difficult to understand why knowledgeable and skilled counsel truly interested in the facts supporting a charge would wait until an undisclosed date to apply somewhat surreptitiously for that information unless, of course, as a strategic tactic to secure a dismissal on a technical ground.
Other courts have handled the situation in various ways, some by outright dismissal and others by interpreting a failure to comply with the statute as creating a nonjurisdictional and readily amendable defect. (People v Sokoloff, 144 Misc 2d 68; see also, CPL 100.40, 100.35.)
As stated by Peter Preiser in his Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 11A, CPL 100.25, 1989 Pocket Part, at 10-11):
"The basic change enacted by the 1985 amendment to this section is introduction of a time frame for service of the supporting deposition. Under prior law the request could be made at any time before trial and the deposition could be served when the defendant appeared for trial. This led to much wrangling about adjournments and in many rural areas long trips to court for wasted appearances. Under the new law the request must be made within a specified time and the deposition must be served within thirty days after the request or at least five days before trial, whichever is earlier. A conforming amendment to CPL Section 100.40 (2) provides that failure to comply with the time limits of this section renders the simplified information insufficient on its face. Thus the law creates a point in time for declaring the information defective for the purpose of a motion to dismiss under CPL § 170.30 (1) (a).
"As a practical matter, however, the new law may be of little help. Even if the information is dismissed, there is no bar to the filing of a new one. Moreover, it is doubtful that the information must be dismissed for late filing of the deposition, *428 since late filing means only that it is deficient under CPL § 100.40. Dismissal for deficiency under that section is prohibited by CPL § 170.35 (1) where the defect is of a kind that may be cured by amendment and the prosecutor moves to amend. This may well apply in the present situation, if the serving and filing of a supporting deposition is construed to be 'amendment’ of the information. ” (Emphasis added.)
In the instant case, the prosecutor has not moved to amend but served the supporting deposition upon receipt of defendant’s motion to dismiss, which service may also be deemed to have mooted the defendant’s motion.
As noted by Judge Seybert in People v Adams (Dist Ct, Nassau County, June 19, 1989, docket No. 2646/89), upon similar facts, both CPL 100.40 (2) and 100.25 (2) refer to an order of the court and the timeliness of a response is measured from the date the request is received by the court (CPL 100.25 [2]).
CPLR 2211 defines an application for an order as a motion (see also, 2 Carmody-Wait 2d, NY Prac, § 8:1) and nowhere does CPL 100.25 sanction or suggest a casual ex parte application addressed to the clerk of the court. Nor can it be seriously suggested that the phrase "court”, later employed in the same statute, implies that the clerk will issue the order. This interpretation of CPL 100.25 is consistent with its predecessor, section 147-f of the Code of Criminal Procedure. The creation of the simplified traffic information as a means of charging an individual with a violation of the Vehicle and Traffic Law in Laws of 1962 (ch 605) was accompanied by a requirement that "Upon the arraignment of the defendant, or at any later state [sic] of the proceedings, the court shall, advise the defendant of his right to a bill of particulars and, at the request of the defendant, shall direct the peace officer to file a bill of particulars of the violation charged.”
Thus, the request was to be made to the Judge, who would then issue a directive to the officer. The use of the word court, as opposed to Judge, indicated, not as counsel would contend, the clerk, but the Judge in an operating term of court as opposed to a Judge in chambers. This distinction has now been abolished. (See, 2A Weinstein-Korn-Miller, NY Civ Prac ¶¶ 2212.07-2212.10.) Moreover, the terms court and clerk are now clearly distinguished in CPLR 105 (e) and (g).
*429 This court thus concludes that the request of CPL 100.25 must be made in open court or by motion ex parte or on notice or by submission of an order for the Judge’s signature.
Based upon the foregoing the motion is denied as untimely, no proper request having been timely made, and as moot as a supporting deposition has now been served.