OPINION OF THE COURT
Robert F. Dolan, J.
facts
Defendant has been charged by way of three simplified traffic informations with speeding in violation of Vehicle and Traffic Law § 1180 (a), failing to produce registration in violation of Vehicle and Traffic Law § 401 (4) and aggravated unlicensed operation of a motor vehicle in violation of Vehicle and Trafile Law § 511 (1).
*74 Defendant, by a letter from his attorney to the clerk of the court, pleaded not guilty and pursuant to CPL 100.25 (2) demanded supporting depositions for each information. No supporting depositions have been served and filed.
MOTION
Defendant now moves to dismiss the simplified traffic information on the ground that failure to serve and file the supporting depositions renders the informations insufficient on their face.
The People argue that since no demand for the supporting depositions was served upon the District Attorney this motion should be denied. In support of this position the prosecutor cites People v Schlosser (129 Misc 2d 690) and People v Thumser (144 Misc 2d 425 [Fuerstein, J.]). Although not cited by the prosecutor there are two other cases decided by the District Court that should be considered: People v Sokoloff (144 Misc 2d 68 [Palmieri, J.]) and People v Adams (June 19, 1989, Nassau County Dist Ct, Seybert, J.).
However, before reviewing the case law a brief discussion is appropriate concerning the role of the judiciary in reviewing and interpreting statutes.
STATUTORY CONSTRUCTION
It is a basic rule that courts should avoid judicial legislation and not usurp legislative power and may not make, amend, change or repeal a statute. The judicial function is to interpret, declare and enforce the law and not make it. A statute must be read and given effect as it is written and not as the court thinks it should have been written, regardless of the problems and complications which might arise in the course of its administration and no matter what consequences may result from following the expressed intent of the Legislature. Neither may the court create exceptions to the running of time limited by a statute or enlarge a statutory ban (McKinney’s Cons Laws of NY, Book 1, Statutes § 73). With this understanding I will now turn to a review of the case law.
REVIEW OF CASE LAW
The Schlosser case (supra) decided in 1985 involves the same situation as the instant case. That court denied the application to dismiss the simplified traffic information on the basis *75 that no demand was served on the District Attorney. The decision sets forth compelling arguments for an amendment to CPL 100.25 (2), however its decision is contrary to the language of the statute. In rendering this decision the court has established one set of rules for Nassau County and another for the rest of the State of New York.
Thumser (supra) is another situation involving the dismissal of a simplified traffic information for the failure to timely serve and file a supporting deposition. However, in this case the supporting deposition was served and filed upon receipt of the motion to dismiss. The court denied defendant’s application on the basis CPL 100.25 (2) requires the request for the supporting deposition be made in open court or by ex parte application or on notice or by submission of an order for a Judge’s signature. The court also concluded that the issue was moot since the deposition has been served.
There is no language in the statute requiring a motion, either ex parte or on notice, nor the submission of an order for a Judge’s signature. The court also noted that "nowhere does CPL 100.25 sanction or suggest a casual ex parte application addressed to the clerk of the court.” (People v Thumser, supra, at 428.) However, that is precisely what the language of the statute does require.
In Sokoloff (supra), involving the same situation, the court denied the application to dismiss the simplified traffic information on the ground that the failure to timely file a supporting deposition is a nonjurisdictional defect and therefore may be cured by amendment, that amendment being the untimely filing of a supporting deposition. .
CPL 100.40 (2) renders a simplified information insufficient on its face when a supporting deposition is not filed within the time provided in CPL 100.25 (2). This court is of the opinion that the failure of the complainant to serve and file the supporting deposition within the time period required by CPL 100.25 (2) is not a "defect or irregularity” which can be remedied by amendment since the Legislature has determined that the simplified information is insufficient on its face as a matter of law and has made no provision for amendment or a late filing.
Adams (supra) is the final case involving this situation. There the court granted the application to dismiss holding that the supporting depositions that were filed 45 days after the request were facially insufficient. However, the court did *76 hold that the defendant is required to obtain a court order directing the service and filing of the supporting deposition.
As stated previously the statute does not require the defendant to obtain a court order and since the supporting deposition was not served and filed timely the simplified traffic information was insufficient on its face as a matter of law.
CONCLUSION
Defendant is not required to notify the District Attorney of his request for the supporting deposition nor is he required to make a formal application to the court. When a supporting deposition is not timely filed after a request pursuant to CPL 100.25 (2) the simplified information is insufficient on its face as a matter of law (CPL 100.40 [2]). Since the information is insufficient on its face as determined by statute and the statute makes no provision for amending the information by the untimely filing of a supporting deposition, it is therefore not an amendable defect.
Accordingly, since the supporting depositions herein have not been timely filed, the simplified traffic informations are hereby dismissed.