OPINION OF THE COURT
Bernard S. Greenbaum, J.
The defendant is charged with failure to comply with a fire department violation order in violation of Administrative Code of the City of New York § 15-223.1 (a) and (b), predicated on Administrative Code § 27-3198 (2); § 27-4265 (e) (2) and (i) and § 27-4013.
The defendant in an omnibus motion is seeking: (1) dismissal of the information based on defective service; (2) dismissal of the information on the ground that New York *177 Paving is not a bulk oil facility; and (3) dismissal of the information for selective enforcement.
The court has reviewed defendant’s moving papers, the Corporation Counsel’s answer and the court file and finds as follows:
DEFECTIVE SERVICE
The branch of defendant’s motion seeking to dismiss the information due to defective service is denied. Instead this court will order that a hearing be held to determine whether the defendant corporation was served in accordance with CPL 600.10.
This court holds that CPL 600.10 service of a corporate defendant is necessary to confer personal jurisdiction over that defendant.
The cases cited to this court by the Corporation Counsel are not controlling and do not address the issue of personal jurisdiction over corporate defendants. Corporate defendants are controlled by CPL article 600. The fact that a corporate defendant may be found guilty and sentenced in absentia pursuant to CPL 600.20, requires that a defendant corporation be properly served. (See, People v Eica Constr. Corp., 85 Misc 2d 1026 [1975].)
DISMISSAL OF THE INFORMATION ON OTHER GROUNDS
The branches of defendant’s motion seeking to dismiss the information on other grounds are denied as premature. Pursuant to CPL 170.30, a motion to dismiss an information as insufficient or defective may only be made after arraignment. This defendant was never arraigned.