*314 OPINION OF THE COURT
Thomas R. Daly, J.
The defendant has orally moved this court for an order dismissing the above-captioned simplified traffic informations.
On January 4, 1995, defendant was charged by simplified trafiic information with the following violations of the Vehicle and Trafiic Law: (a) exceeding the maximum speed-limit (Vehicle and Traffic Law § 1180 [d]); (b) following'too closely (Vehicle and Trafiic Law § 1129 [a]). Approximately one month later, on February 8, 1995, defendant, by counsel, sent a letter to this court wherein he sought to enter a plea of "not guilty” to the charges. Defendant also requested a supporting deposition in said letter.
In response, the Clerk of the Court sent defendant a form letter advising him that a "plea of not guilty” by mail is permissible only under "stipulated conditions” prescribed by statute, and that "since [he] failed to meet the requirements, [he] must now appear in the City Court of Yonkers on March 7, 1995 at 9:30 a.m.” On March 7, 1995, defendant appeared in court and formally entered a not guilty plea to the charges. The record reflects that he did not request a supporting deposition at that time. The matter was adjourned until May 15, 1995 for trial. On May 15, 1995, defendant appeared and made the instant oral motion to dismiss the simplified traffic informations, alleging that dismissal was warranted because he had not been served with a supporting deposition, although he had requested the same in the letter of February 8, 1995.
It is undisputed that CPL 100.25 (2) provides that a defendant who has been arraigned upon a simplified traffic information is, upon a timely request, entitled, as a matter of right, to have filed with the court and served upon him/her a supporting deposition of the complainant police officer or public servant. The statute also provides that: "Such a request must be made before entry of plea of not guilty to the charge specified and before commencement of a trial thereon, but not later than thirty days after (a) entry of the defendant’s plea of not guilty when he has been arraigned in person, or (b) written notice to the defendant of his right to receive a supporting deposition when he has submitted a plea of not guilty by mail.” (CPL 100.25 [2] [emphasis added].)
The statute further provides that within 30 days of the date that such request is received by the court, or at least five days before trial, whichever is earlier, the complainant officer or *315 public servant must file such supporting deposition with the court together with proof of service thereof. Furthermore, the courts of this State have held that failure to provide a supporting deposition within the statutory time frame renders the simplified traffic information jurisdictionally defective, warranting its dismissal. (See, People v Nuccio, 78 NY2d 102; CPL 100.25 [2]; 100.40.)
Thus, the central question before this court is whether defendant’s request for a supporting deposition in his letter of February 8, 1995, prior to his arraignment on March 7, 1995, triggered the running of the 30-day period for the serving and filing of said supporting deposition. To answer this question, the court must read CPL 100.25 in conjunction with CPL 170.10 and Vehicle and Traffic Law § 1806.
As noted above, CPL 100.25 (2) specifies that the 30-day time period for a defendant to request a supporting deposition does not begin to run until defendant has been arraigned on the simplified traffic information. CPL 170.10 mandates that generally a defendant must personally appear at his/her arraignment, except in certain limited situations. One such exception is where a traffic infraction is charged. (CPL 170.10 [1] [a].) This exception is based upon Vehicle and Traffic Law § 1806 which provides for a waiver of arraignment on a traffic infraction and allows a defendant to enter a "plea of not guilty” by mailing to the court a signed statement indicating such plea. Pursuant to Vehicle and Traffic Law § 1806, in order for the waiver of arraignment and not guilty plea to be valid, the plea must be mailed to the court, "within forty-eight hours after receiving such ticket(Emphasis added.) If a "not guilty plea” by mail is untimely sent, the plea cannot be accepted by the court and a defendant must then appear in person for arraignment upon the simplified traffic information. Predicated upon the foregoing, the court concludes that any request for a supporting deposition made by a defendant in an untimely plea of not guilty by mail must be deemed a nullity, since the defendant has not yet been arraigned, a statutory prerequisite for making such a request. (CPL 100.25.)
Turning to the facts at bar, defendant sent a letter attempting to enter a not guilty plea on February 8, 1995, more than 30 days after he received the simplified traffic tickets and well beyond the 48-hour statutory time period. (Vehicle and Traffic Law § 1806.) Having failed to comply with the statutory terms, defendant’s plea by letter and request for a supporting deposi *316 tion incorporated therein were properly deemed a nullity. (See, Vehicle and Traffic Law § 1806.) When defendant was arraigned in person by the court on March 7, 1995, he pleaded not guilty but he did not request a supporting deposition. The 30 days within which to request a supporting deposition began to run on that date, when defendant was arraigned in person and entered his plea of not guilty. (CPL 100.25 [2].)
On May 15, defendant appeared before this court for trial and orally moved to dismiss the charges because he had never been served with a supporting deposition. However, no timely request was made either at defendant’s arraignment on March 7, 1995 or within 30 days thereafter. (CPL 100.25.) Where a defendant does not make a timely request, his right to receive the supporting deposition is deemed waived. (People v Rossi, 154 Misc 2d 616 [Just Ct 1992].) Accordingly, in the absence of a timely request for a supporting deposition, the court is constrained to deny defendant’s motion to dismiss in its entirety.